## *Ex parte* KEARBY LYDE.

No. A-3766—Opinion Filed Aug. 23, 1920.

(191 Pac. 606.)

(Syllabus.)

1. **HABEAS CORPUS—Scope of Inquiry—Void Proceedings.** The writ of habeas corpus does not deal with errors or irregularities which render proceedings voidable merely, but such only as render them absolutely void.

2. **SAME—Conviction—Jurisdiction.** The review of a judgment of conviction and imprisonment by writ of habeas corpus is limited to the questions: Had the court which rendered the judgment jurisdiction of the offense and of the person convicted? Or did the court in the course of the proceedings which resulted in the judgment lose judisdiction to render a valid judgment and sentence?

3. **SAME—Prima Facie Showing—Record.** Where it is shown by the return that petitioner is detained by virtue of a commitment issued upon a judgment of a court of competent jurisdiction, such showing is **prima facie** only of the fact, and may

be impeached by the record of the case for the purpose of showing that the court or judge was without jurisdiction to render the judgment.

4. **JUDGMENT AND SENTENCE—Presence of Accused—Necessity in Felony Cases.** In felony cases the defendant's presence in open court when judgment is rendered is an essential prerequisite, and indispensable to the jurisdiction of the court to render a valid judgment. He cannot waive this right and his counsel cannot do so for him.

5. **SAME—Validity of Judgment Pronounced in Jail.** Where, after rendering judgment in open court, in the absence of the defendant, the judge left the courtroom and proceeded to the county jail, where the defendant was confined, and there, in the absence of the court clerk and the defendant's counsel, again pronounced judgment and sentence, held, that the court was not in session at the county jail, and the judgment and sentence there pronounced is a nullity. Held, further, that all the proceedings of rendering judgment and passing sentence were **coram non judice** and void.

6. **SAME—Void Judgment—Validity of Verdict—Procedure.** The holding in this case that the proceedings in rendering judgment and passing sentence were void only affects the judgment and sentence, and leaves the verdict and all precedent proceedings in full force and effect. The petitioner is therefore remanded to the custody of respondent pending the rendition of judgment in conformity with law and in accordance with the verdict of conviction.

Petition for writ of *habeas corpus* by Kearby Lyde. Petitioner remanded.

See, also, *Lyde v. State*, 17 Okla. Cr. 365, 187 Pac. 252.

*Graham & Logsdon* and *Geo. H. Culp*, for petitioner.

The Attorney General, *W. C. Hall*, Asst. Atty. Gen., and *T. B. Wilkins*, Co. Atty., for respondent.

DOYLE, P. J. On behalf of Kearby Lyde, a duly verified petition for writ of *habeas corpus* was filed in this court, in substance, alleging that he is unlawfully imprisoned and restrained of his liberty by Frank N. Smith, sheriff of Love county; that he is so imprisoned under a

commitment issued by the court clerk of said county upon a judgment of the district court of said county; that by said judgment he was adjudged guilty of the crime of rape and sentenced to be imprisoned in the penitentiary for the term of 15 years; that said judgment was rendered and entered in the absence of petitioner; that petitioner was sentenced by the judge of said district court in the county jail of Love county and outside of open court; that for the reasons stated the said judgment of conviction and the commitment which issued thereon, and the detention of the petitioner under said commitment and judgment of conviction, are illegal and void. A rule to show cause why the writ should not issue was entered and issued, and answer thereto duly made by the said sheriff on the 17th day of May, 1920, at which time the cause was submitted on an agreed statement of facts.

The record discloses, in substance, these facts: Kearby Lyde was convicted in the district court of Love county of the crime of rape, and an appeal from the judgment rendered upon such conviction was attempted to be taken to this court. On motion of the Attorney General, the appeal was dismissed because the purported case-made was settled and signed by a judge who did not try the case, without a showing of the inability of the trial judge to settle and sign the same; said case-made not containing a duly authenticated transcript of the record proper. *Lyde v. State,* 17 Okla. Cr.—, 187 Pac. 252. The district court of Love county, pursuant to adjournment, convened at Marietta on the 6th day of January, 1919, and after overruling the motion of Kearby Lyde for a new trial, and in the absence of the defendant, Kearby Lyde, entered its judgment in accordance with the verdict. Then the judge accompanied by the sheriff proceeded to the county jail and there pro-

nounced judgment and sentence. The court clerk was not present at the time.

The pertinent part of the journal entry of judgment reads as follows:

"Now, on this 6th day of January, 1919, the above-entitled cause comes on for judgment and sentence in conformity with the verdict of the jury, and defendant's attorneys, Graham & Logsdon, having waived the presence of the defendant upon the argument of the motion for new trial, comes the sheriff of Love county and informs the court that the above-named defendant, Kearby Lyde, claims that he is unable to appear in open court for judgment and sentence by reason of sickness; that said defendant is confined in the county jail of Love county, said jail being situated upon the courthouse square in Marietta; and thereupon the judge of this court in company with the sheriff of Love county goes to said county jail for the purpose of pronouncing sentence upon the prisoner; that present at the time of pronouncing such sentence in said jail are Hon. W. F. Freeman, district judge, F. N. Smith, sheriff, J. D. Smith, deputy sheriff, the defendant, Kearby Lyde, and the father and mother of the defendant, and no other persons; and no legal cause being shown why judgment and sentence should not be pronounced against him, and none appearing to the court, it is therefore considered, ordered, adjudged, and decreed by the court that the said Kearby Lyde be confined in the state penitentiary at McAlester, in the state of Oklahoma, for a term of 15 years, for said crime by him committed."

The question presented is whether the judgment is illegal and void or merely erroneous and voidable by reason of irregularities shown by the record.

The writ of *habeas corpus* does not deal with errors or irregularities which render proceedings voidable merely, but such only as render them absolutely void. Such has

been the established rule in this court from its inception. An irregularity is defined to be the want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. However, if the petitioner be imprisoned under a judgment of a court which had no jurisdiction to render judgment complained of, such want of jurisdiction may be inquired into on *habeas corpus*. Under all the authorities relief can be had by *habeas corpus* from a void judgment of conviction.

In the case of *In re Wilkins*, 7 Okla. Cr. 422, 115 Pac. 1118, it is held:

'The review of a judgment of conviction and imprisonment by writ of *habeas corpus* is limited to the questions: Had the court which rendered the judgment jurisdiction of the subject-matter and of the person convicted? And did the court in the course of the proceedings which resulted in the judgment lose jurisdiction to render a valid judgment and sentence?"

In the case of *Ex parte Hightower*, 13 Okla. Cr. 472, 165 Pac. 624, it is said:

"By numerous decisions of this court it is held that the jurisdiction of a court or judge to render a particular judgment or sentence by which a person is imprisoned is a proper subject of inquiry on *habeas corpus,* and where it is shown by the return that the petitioner is detained by virtue of a commitment issued upon a judgment of a court of competent jurisdiction, such showing is *prima facie* only of the fact, and may be impeached by the record of the case, for the purpose of showing that the court or judge was without jurisdiction or power to render the judgment."

Section 20, Bill of Rights, secures to an accused the right to a "public trial," and the right to "be confronted with the witnesses against him," and "the right to be heard by himself and counsel." It is therefore the constitutional right of an accused in felony cases to be present during the whole trial, and if he be absent there is a want of jurisdiction over the person.

Under the provisions of the Code of Criminal Procedure, "if the indictment or information is for a felony, the defendant must be personally present at the trial." Section 5824, Rev. Laws 1910. Other sections read as follows:

"5944. For the purpose of judgment, if the conviction is for a misdemeanor, judgment may be pronounced in the defendant's absence.

"5945. When the defendant is in custody, the court may direct the officer in whose custody he is to bring him before it for judgment, and the officer must do so accordingly."

"5951. When the defendant appears for judgment, he must be informed by the court, or by the clerk under its direction, of the nature of the indictment or information, and his plea and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him."

These provisions of our Code require in felony cases that the judgment should be pronounced in open court, and that the defendant must be personally present when the judgment is rendered.

It was the defendant's constitutional right, that he may not waive, to be present during the whole trial and to be present in open court when judgment was rendered. This

is not only the indispensable right of the defendant, but the record must show that he enjoyed that right.

In the case of *State v. McClain,* 156 Mo. 99, 56 S. W. 731, the court says:

"Under the provisions of section 4237, Rev. St. 1889, the prisoner was required to be personally present at the rendition of judgment. But, aside from the statutory provisions, upon the principles of the common law, the defendant being absent, the trial court had no jurisdiction over his person, and consequently the proceedings of rendering judgment and passing sentence were *coram non judice.* The physical presence of the prisoner is the indubitable prerequisite of jurisdiction, and, without such presence, jurisdiction to render judgment and pass sentence does not exist. On this point a writer of acknowledged authority observes: 'In cases of felony, where the prisoner's life or liberty is in peril, he has the right to be present, and must be present, during the whole of the trial, and until the final judgment. If he be absent, either in prison or by escape, there is a want of jurisdiction over the person, and the court cannot proceed with the trial, or receive the verdict, or pronounce the final judgment.' Cooley, Const. Lim. (6th Ed.) 388."

In the case of *Hopt v. Utah,* 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262, the Supreme Court of the United States said:

"We are of the opinion that it was not within the power of the accused or his counsel to dispense with the statutory requirement as to his personal presence at the trial. The argument to the contrary necessarily proceeds upon the ground that he alone is concerned as to the mode by which he may be deprived of his life or liberty, and that the chief object of the prosecution is to punish him for the crime charged. But this is a mistaken view, as well of the relations which the accused holds to the public as of the end of

human punishment. The natural life, says Blackstone, 'cannot legally be disposed of or destroyed by any individual, neither by the person himself nor by any other of his fellow creatures, merely upon their own authority.' 1 Bl. Com. 133. The public has an interest in his life and liberty. Neither can be lawfully taken except in the mode prescribed by law. That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by the consent of the accused; much less by his mere failure, when on trial and in custody, to object to unauthorized methods. The great end of punishment is not the expiation or atonement of the offense committed, but the prevention of future offenses of the same kind. 4 Bl. Com. 11. Such being the relation which the citizen holds to the public, and the object of punishment for public wrongs, the Legislature has deemed it essential to the protection of one whose life or liberty is involved in a prosecution for felony, that he shall be personally present at the trial, that is, at every stage of the trial when his substantial rights may be affected by the proceedings against him. If he be deprived of his life or liberty without being so present, such deprivation would be without that due process of law required by the Constitution."

It is true that the record shows that counsel for the defendant waived his right to be present when the judgment was rendered. However, in a felony case the defendant's presence when judgment is rendered is an essential prerequisite and indispensable to the jurisdiction of the court to render a valid judgment. The defendant cannot himself waive this right, and his counsel cannot do so for him, nor can they, in his absence, waive any other substantial right that he may have guaranteed him.

Applying these principles on the record in this case, we are of the opinion that, the defendant not being present in

open court when the judgment was pronounced, the judgment and sentence of the court is illegal and wholly void. When the judge left the bench and the courtroom the court was necessarily in recess during his absence, and the court was not in session at the county jail. The court clerk was not there present, and the defendant was not there represented by counsel, and we hold that the proceeding there in pronouncing judgment and sentence was not the judgment of any court, but the personal pronouncement of a judge made at a time when he had no power or authority to render a valid judgment. The proceeding at the jail is therefore a nullity. It follows that petitioner is unlawfully imprisoned under said judgment.

It is therefore adjudged and ordered that petitioner be discharged from imprisonment under said judgment and the commitment issued thereon. This determination, however, only affects the judgment and sentence, and leaves the verdict and all precedent proceedings in full force and effect. It is therefore ordered that petitioner be remanded to the custody of the sheriff of Love county pending the rendition of judgment in accordance with the verdict of conviction, and the district court of Love county is directed to render judgment accordingly.

ARMSTRONG and MATSON, JJ., concur.