## Ex parte LOREN BARTON et al.

No. A-5532. Opinion Filed Oct. 17, 1925.
(239 Pac. 944.)

J. Bailey Allen, for petitioners.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.  The petitioners at this time are each serving sentences of 5 years in the Oklahoma state reformatory at Granite for automobile larceny.

In this application petitioners attack the jurisdiction of the district court of Woodward county to impose the sentences of conviction.  The petitioners were each 18 years of age, and say that on the 27th day of August, 1924, an information was filed in the district court charging them with larceny; that on the same day they were taken before the district court, where they waived their right to counsel and entered their separate pleas of guilty to the charge.  At this point the record shows the following:

"And now, the time having arrived for the court to announce judgment and sentence against the defendants,

the court asks the defendants if they have any legal cause to show why judgment and sentence should not be pronounced against them."

The defendants offered no objections, and judgment was thereupon pronounced; this being on the same day on which their pleas of guilty were received.

In this state a minor over the age of 16 years is presumed to be responsible for his criminal acts. The time of infancy is usually divided into three parts, during each of which a different presumption as to criminal responsibility prevails. Children under the age of 7 years are conclusively presumed to be incapable of committing crime; children over the age of 7 years and under the age of 16 years are presumed to be incapable of committing crime, except where it is affirmatively shown in a juvenile proceeding that the child knew or comprehended the wrongfulness of his act or acts. Over the age of 16 the infant is presumed to know the consequences and import of his criminal acts, and to be responsible therefor. In some cases this may be a rebuttable presumption, but the burden of proving incapacity during this period is on the infant defendant. State v. Di Guglielmo, 4 Pennewill, 336, 55 A. 350; State v. Kavanaugh, 3 Pennewill, 131, 53 A. 335.

It follows, therefore, that there is no difference in the mode of procedure in a criminal case against a defendant 18 years of age and a defendant who has reached his majority. An 18-year-old defendant may waive his right to counsel, may plead guilty, and may waive the statutory time to pronounce judgment. The record here shows that these defendants did waive the right to counsel, and did plead guilty. It has been held by this and other courts that, in the absence of a record to the contrary, a waiver of the time to pronounce judgment

will be presumed. Jones v. Ter., 4 Okla. 45, 43 P. 1072. Williams v. State, 17 Okla. Cr. 452, 190 P. 892.

Courts in dealing with minors of the age of 18 years charged with a felony, where such minors appear without counsel, parent, or friend, should carefully guard their constitutional and statutory rights in all matters of procedure. Under such circumstances it would seem appropriate for the court to exercise the duties in the nature of a guardian for minor defendants in order that no injustice may inadvertently result. But a failure to so safeguard the rights of accused minors, while it might amount to reversible error on an appeal, will not be sufficient to deprive the trial court of its jurisdiction over such minors so as to give the accused a remedy by habeas corpus in this court.

To determine whether these petitioners have a right to relief by habeas corpus this court must first consider whether the court which rendered the judgment had jurisdiction of the subject-matter and of the persons, and whether during the course of the proceedings the trial court lost jurisdiction of either. Ex parte Hill, 12 Okla. Cr. 335, 156 P. 686; Ex parte Lyde, 17 Okla. Cr. 618, 191 P. 606.

We hold that a minor 18 years of age may waive his right to counsel, plead guilty, and be proceeded against subsequently as in other cases. Ex parte White, 50 Tex. Cr. R. 473, 98 S. W. 850; People v. Wandell, 21 Hun (N. Y.) 515. Here the trial court had jurisdiction of the person and the subject-matter, and there is no showing that such jurisdiction was lost in the course of the proceedings.

The application for the writ is denied.

DOYLE and EDWARDS, JJ., concur.