Ex parte BURRELL BRADLEY.

No. A-9881.  May 14, 1941.
(113 P. 2d 611.)

Thad L. Klutts, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus wherein Burrell Bradley seeks his release from confinement in the State Penitentiary.

In a verified petition filed herein, it is stated:

"That the petitioner was arrested on January 15, 1940, and taken to the county jail at Idabel, Oklahoma, and there held incommunicado; that the petitioner was cruelly beaten without any cause or provocation. That on January 17, 1940, an information was filed in McCurtain county, charging petitioner with larceny of domestic animals; that he was taken immediately before the district judge of said county without any preliminary hearing or the hearing of any evidence, and without being first informed of any of his rights to counsel or time to plead his cause, and was immediately sentenced by the district court to the State Penitentiary for a period of five years.

"That the district court did not ask the petitioner if he desired to be represented by counsel, did not inform him of his right to be represented by counsel, and did not set a date definite in the future, at least two days, before pronouncing judgment upon the purported pleading of guilty, and that the petitioner did no act nor said any word waiving these rights.

"That the petitioner never saw the information, nor was a copy given him."

A certified copy of the information in the district court, the minutes of the district court of McCurtain county in connection with the plea of guilty entered by the petitioner and of the judgment and sentence pronounced upon the plea of guilty are attached to the petition and made a part thereof.

The petitioner further alleges that the district court of McCurtain county did not have jurisdiction of the petitioner, and that said judgment and sentence so pronounced is null and void, and that the petitioner should be released.

A response has been filed by the warden of the State Penitentiary wherein he admits the detention and imprisonment of the petitioner in the State Penitentiary by reason of his conviction in the district court of McCurtain county for the crime of larceny of domestic animals, as shown by the judgment and sentence which is attached to the petition. The respondent denies all other material allegations contained in the petition.

Upon the issues thus being joined, the petitioner personally appeared before this court and testified, under oath, concerning the facts and circumstances surrounding his conviction and subsequent imprisonment. His testimony in substance is as follows:

"That he is a negro, 47 years of age; married, without any children, and formerly lived on a farm in McCurtain county. That he was arrested on January 15, 1940, by two highway patrolmen; that he had a cow in his pick-up at the time he was arrested. That he was on his way to a sale at Hugo with a colored boy. When the highway patrolmen arrested him, they began beating him."

He further testified:

"Q. When they took you up in the district court, Burrell, did they ask you if you wanted to plead guilty? A. They asked me if I was going to plead guilty. Q. Did they tell you, you had 24 hours time in which to plead? A. No, sir. Q. Now did they inform you of the nature or character of the charge against you in the district court? A. No, sir. Q. Did they ask you before they sentenced you if you had any legal cause to show why judgment should not be passed on you? A. No, sir. Q. You are sure

they did not take you before a justice of the peace or county court? A. They didn't take me before a county court; they took me before a justice of the peace. Q. While ago you stated they did not. A. I didn't understand what we were talking about. Q. When they took you before the justice of the peace, did they ask you if you waived your preliminary hearing? A. This is the only thing I remember. After they went before the justice of the peace, they say here is a man that pleads guilty to grand larceny of domestic animals. I have been abused so much since then that I just can't think about all that was in it. Q. Did he ask you to state what your right name was? A. Yes, sir. Q. Did he ask you where you lived. A. I told him where, there in town. Q. Did he ask you whether you were guilty or not? A. He didn't. I don't think so. Q. Did he ask you who your lawyer was? A. He asked me if I had a lawyer, and I told him, no."

He further testified he entered a plea of guilty before the district judge on January 17th, and remained in McCurtain county jail until January 22nd, at which time he was taken to the penitentiary; that he entered his plea of guilty because he had been beaten and abused, and was afraid not to plead guilty. That he only had a third grade education, and that he had never been arrested before in his life. That the district judge or county attorney did not inform him that he had a right to a lawyer; and that during his confinement in jail, the jailer would not allow his wife to talk to him so that he could procure the services of a lawyer. That he had a lawyer, Mr. Thad Klutts of Oklahoma City, who was at the time representing him in a case before the Industrial Commission; and that if he had been given an opportunity, he would have contacted Mr. Klutts.

On behalf of the respondent and pursuant to the rules of this court applicable to habeas corpus proceedings, affidavits were introduced in evidence from Jess Faulkner,

the highway patrolman who made the arrest, Marguerite Hunt, the reporter who appeared at the preliminary examination and made the record thereon, Ed Shipp, the assistant county attorney of McCurtain county at the time the plea of guilty was entered, and Will Nat Allen, the jailer of the county jail of McCurtain county during the time the petitioner was incarcerated therein. These affidavits, omitting formal parts, are as follows:

Affidavit of Jess Faulkner states:

"That I am at this time an Oklahoma state highway patrolman, my number being 124; and I was such highway patrolman on the 15th day of January, 1940. On the night of January 15, 1940, I saw two negro men in a pickup truck in which there was one cow. From the manner in which they were driving and the time of night, it aroused my suspicion that they had stolen the cow which they had. I stopped the truck and both negroes jumped out and started to run. H. N. Hinton jumped out on the right side of the truck through the trees and succeeded in making his escape. I caught Burrell Bradley before he got very far. When I caught him he started to fight and asked me what I wanted with him. In the scuffle with him I hit him one time over one of his eyes. He immediately stated that he and this other negro had stolen the cow in the truck and were going to sell it. Bradley was then taken to the McCurtain county jail where he was turned over to Will Nat Allen, the jailer. To my own knowledge this man Bradley was never touched or harmed in any way except the one time I was forced to hit him when he resisted arrest."

Marguerite Hunt states:

"That she is the reporter and stenographer for the county attorney's office of McCurtain county, Oklahoma, and was such reporter on and prior to the 16th day of January, 1940; that as such reporter she was present at the preliminary trial wherein Burrell Bradley waived his arraignment, time in which to plead and entered his plea

of guilty, waived preliminary examination and was by the justice of the peace bound over to await the action of the district court; that at that time Burrell Bradley was advised by the justice of the peace that he had a right to be represented by counsel, at which time Burrell Bradley stated that he did not desire counsel and wanted to plead guilty to the crime of larceny of domestic animals."

Ed Shipp sets out in his affidavit:

"That I am at this time the duly qualified and acting assistant county attorney in and for McCurtain county, Oklahoma, and was such assistant county attorney on and prior to the 16th day of January, 1940. On the 16th day of January, 1940, I filed an information by complaint in the justice court in and for the Idabel justice district, charging one Burrell Bradley with the crime of larceny of domestic animals; at that time Burrell Bradley was incarcerated in the county jail at Idabel, Oklahoma, having been placed there the night before by one Jess Faulkner, an Oklahoma state highway patrolman, and one J. D. Butler, deputy sheriff of McCurtain county, Oklahoma. On the morning of the 16th day of January, 1940, I went to the county jail where Burrell Bradley was incarcerated and talked with him concerning his guilt or innocence; at that time Burrell Bradley advised me that he was guilty of the crime as charged; at that time I advised him that he did not have to plead guilty unless that was what he wanted to do; that he was entitled to be represented by counsel and entitled to a jury trial; but he told me that he was guilty and wanted to go on to the penitentiary as early as possible. That being on Tuesday, January 16, 1940, I advised him that the district judge would be in Idabel the following day, Wednesday, the 17th, at which time, if he desired to do so, he could enter his plea, and he said that was what he wished to do. I then advised him that it would be necessary to have a preliminary hearing that day, and he said, 'Well, it is not any use because I am guilty of the crime charged.' I then advised him that he could waive his preliminary hearing and be bound over to await the action of the district court, and he said that was what he wanted to do. He was taken before the jus-

tice of the peace by myself and Will Nat Allen, the jailer of McCurtain county, Oklahoma, at which time he stated that Burrell Bradley was his true name, that he would waive the arraignment, waive time in which to plead, enter his plea of guilty and waive preliminary examination; and he was by the court bound over to await the action of the district court, and his bond set in the sum of $1,500. The following day, January 17, I filed an information in the district court of McCurtain county, Oklahoma, charging Burrell Bradley with the crime of larceny of domestic animals. I returned to the jail the morning of the 17th and again told Burrell Bradley that he did not have to plead guilty if he did not want to, that he was entitled to a jury trial and to be represented by counsel, and again he told me that he was guilty and wanted to go on to the penitentiary as soon as possible to get it over with; at that time I advised him that I would recommend a five-year sentence, and he said that would be all right. He was taken from the jail down to the district court, where the Honorable George R. Childers was presiding, by the jailer, Will Nat Allen, and there in open court the information was read to said Burrell Bradley. There were several attorneys present in the court at that time and several spectators. The court asked Burrell Bradley if he wished to enter his plea, and he said, 'Yes, that he wanted to plead guilty,' and the court in accordance with his plea and upon my recommendation, sentenced Burrell Bradley to five years in the State Penitentiary at Mc-Alester. Burrell Bradley was transported to the State Penitentiary at McAlester, Oklahoma, by the sheriff of McCurtain county, Oklahoma, on the 22d day of January, 1940."

Affidavit of Will Nat Allen states:

"That I am at this time jailer of the county jail located at Idabel, McCurtain county, Oklahoma, and was such jailer on and prior to the 16th day of January, 1940; that on the night of January 15, 1940, Burrell Bradley was placed in the county jail of McCurtain county, Oklahoma, by one Jess Faulkner, Oklahoma state highway patrolman, and J. D. Butler, deputy sheriff of McCurtain

county, Oklahoma; that Burrell Bradley remained in the county jail until he was taken by the sheriff of McCurtain county to the State Penitentiary at McAlester; that during the time he was in my custody he received the same consideration and treatment that all prisoners are accorded; that at no time was he cursed, hit, struck or abused by myself or any other officer of McCurtain county, Oklahoma, or of the State of Oklahoma; that at the time he was placed in jail he had a slight bruise over his right eye.

"That I have read the affidavit made by Ed Shipp, assistant county attorney of McCurtain county, Oklahoma, and the conversation Mr. Shipp related that he had with Burrell Bradley occurred in my presence, and the same is true.

"That prior to the time Burrell Bradley entered his plea of guilty to the crime of larceny of domestic animals and while he was incarcerated in the county jail, I had a conversation with him in which he told me about stealing cattle throughout McCurtain county for a period of six months previous to this time. He stated that he had stolen some eight or nine head of cattle prior to his being arrested on the 15th day of January, 1940. I told him that in consideration of these past offenses the county attorney would probably recommend a period of five years in the State Penitentiary at McAlester upon his entering a plea of guilty, and he stated to me that he wanted to do that and be carried to the penitentiary as soon as possible in order to get this over with.

"That during the time Burrell Bradley was incarcerated in the county jail, his wife was allowed to visit him at any time she wanted to; that they were accorded the privilege of the entire jail; that during the time Burrell Bradley was incarcerated in the county jail he never asked to have an attorney visit him and said he did not wish to employ an attorney."

The respondent further introduced in evidence the transcript of proceedings had before C. E. Pittman, justice of the peace for the city of Idabel. It appears from

this transcript that one Marguerite Hunt was appointed reporter by the court to take the proceedings had in that cause; and her notes were attached to the transcript of the record certified by the justice of the peace and filed with the court clerk of McCurtain county, along with the other papers in connection with the preliminary examination.

These minutes or notes of the reporter show that the defendant appeared in person, but without counsel, and the state was represented by Ed Shipp, assistant county attorney; that the defendant was advised that he could take a change of venue, and was entitled to be represented by counsel; but that the defendant, in open court, waived arraignment, entered his plea of guilty, and waived preliminary trial. Thereupon the justice of the peace proceeded to hear evidence; and after a consideration of the same, found that the crime of larceny of domestic animals was committed in McCurtain county, Oklahoma, on the 15th day of December, 1939, and that there is probable grounds to believe the defendant guilty of said crime; and it was ordered that the defendant be held to await the action of the district court on the charge of larceny of domestic animals.

The judgment and sentence, attached to the petition, is on the printed form generally used throughout the state by the various county attorneys in connection with the sentencing of defendants upon pleas of guilty in felony cases. This printed form does not state whether the defendant was advised as to his right to have counsel appointed to represent him nor to have time within which to plead to the information filed against him, nor is any reference made therein to any statement by the court advising the defendant of any of his legal or constitutional

rights. If these guaranties were afforded the defendant, the record should so state.

Under the Bill of Rights of the Oklahoma Constitution (Okla. St. Ann. Const. art. 2, § 1 et seq.), an accused has a right to consult with counsel and to be fully advised as to his rights and as to the consequences of his acts before entering his plea to the information.

Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18; Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139, 141.

In Ex parte Meadows, supra, we further held:

"A person prosecuted for a crime may waive the rights guaranteed to him by bill of rights, relating to trial by jury, right to be heard by counsel, etc.

"Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss.

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

"Habeas corpus is an available remedy to one who has, without having effectively waived his constitutional right to the assistance of counsel, been convicted and sentenced and to whom expiration of time has rendered relief by an application for a new trial or by appeal unavailable. * * *

"A judgment of conviction of one who did not effectively waive his constitutional right to the assistance of counsel for his defense is void as having been rendered without jurisdiction.

"Where a disputed question arises as to what occurred upon arraignment of one accused of a crime, this court will give great weight to the recitation in the minutes of the court proceedings as to what occurred."

The minutes of the court proceedings recite as follows: "2951—State of Oklahoma vs Burrell Bradley

"Def. states his true name is Burrell Bradley, waives time in which to plead, enters his plea of guilty of larceny of domestic animals, and is sentenced to the State Penitentiary for a term of 5 years, upon recommendation of the Co. Atty."

These minutes are not as full as they should have been under the facts as disclosed by the affidavits of the court attaches who were present at the time of the arraignment and plea of guilty by the petitioner. The presumption created by the absence of the recital of the waiver of these rights in the minutes of the court and in the journal entry of judgment and sentence, however, has been overcome by the testimony of the court officials, which shows that the proceedings upon the arraignment of the defendant were regular and that the court had jurisdiction to pronounce judgment and sentence against the accused upon his plea of guilty.

As was said in Ex parte Meadows, supra, the question as to whether one accused of crime has waived his right to the assistance of counsel and of his other rights, which may be waived by him, must depend in each case upon the particular facts and circumstances surrounding that case, and no abstract rules of law may be set forth which will be applicable to every case.

We hold, after an examination of the record of the proceedings had before the justice of the peace and in the district court, and a consideration of all the evidence, that the petition filed herein is without substantial merit, and should be denied.

See, Ex parte Gilbert, 71 Okla. Cr. 268, 111 P. 2d 205; Blair v. State, 4 Okla. Cr. 359, 111 P. 1003; Stack v. State, 4 Okla. Cr. 1, 109 P. 126; Canard et al. v. State, 2 Okla.

Cr. 505, 103 P. 737, 881, 139 Am. St. Rep. 949; State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Starr v. State, 5 Okla. Cr. 440, 114 P. 356.

It is so ordered.

BAREFOOT, P. J., concurs. DOYLE, J., absent.