Ex parte ORA WOOLDRIDGE.

No. A-10060.   July 9, 1941.

(115 P. 2d 284.)

W. N. Redwine and Hulsey & Hulsey, all of McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus, wherein the petitioner, Ora Wooldridge, seeks his release from imprisonment in the State Penitentiary at McAlester.

The verified petition filed herein alleges, in substance, that the petitioner was taken before a justice of the peace in Texas county on August 27, 1938, where an information had been filed against him, charging said petitioner with attempted rape of Olene Wooldridge, a female person of the age of 12 years; that the said justice of the peace did not advise petitioner that he was entitled to a lawyer, and that said petitioner did not have a lawyer to represent him before said justice of the peace at said preliminary hearing; however, the justice of the peace at said hearing held said petitioner to answer said charge in the district court of Texas county. That on the same date the petitioner was arraigned in the district court of Texas county on said charge of attempted rape, and entered his plea of guilty to said charge and was sentenced to a term of 30 years in the State Penitentiary, that said petitioner did not have a lawyer to represent him at the

time he pleaded guilty or at any time. That he was ignorant, and was not advised that he was entitled to have a lawyer appointed to represent him, and did not have served upon him a copy of the information and a list of the witnesses who were to appear against him. A copy of the criminal complaint filed before the justice of the peace, of the information filed in the district court, and of the judgment and sentence pronounced upon the plea of guilty, are attached to the petition and made a part thereof.

The Honorable Jess F. Dunn, warden of the State Penitentiary, has filed his response, in which he states that he holds the said petitioner in custody pursuant to the judgment and sentence pronounced by the district court of Texas county, dated August 27, 1938; said prisoner having been received at the penitentiary September 6, 1938, to serve a term of 30 years. The response further alleges that the said Ora Wooldridge was throughout all proceedings advised of the charge against him and all his rights in connection therewith, and alleges that the statements to the contrary and petition filed herein are not true and have been made with little regard to the true facts.

When this case was set for hearing, no evidence was introduced on behalf of the petitioner, but counsel for petitioner announced to the court that they were relying solely upon the certified records attached to their petition to show a denial of due process of law in connection with the sentencing of said petitioner.

The Attorney General, on behalf of respondent, introduced in evidence the affidavit of L. E. Tryon, county attorney of Texas county at the time of the sentencing of said petitioner; also, the affidavit of C. A. Sullivan, sheriff of Texas county; also, the affidavit of the Honor-

able F. Hiner Dale, district judge of said county, who pronounced the sentence upon the petitioner; and a certified copy of the transcript of the proceedings before J. E. Daily, justice of the peace; and a certified copy of the minutes of the district court showing the proceedings at the time the defendant entered his plea of guilty and was sentenced.

From this evidence it appears that the petitioner had been arrested on August 26, 1938, by the sheriff of Texas county upon complaint of two daughters of the petitioner that their father had committed rape against their persons; that the county attorney was out of the city at the time the petitioner was taken to jail; that upon his return, at the request of the petitioner, petitioner was taken to the county attorney's office where the county attorney discussed the seriousness of the offense which the defendant was alleged to have committed.

The county attorney told the petitioner at that time that the county would furnish him a lawyer if the petitioner wanted them to do so, but that the petitioner said he was guilty and was ready to plead guilty. That the county attorney ordered the sheriff to take him back to jail and let him think the matter over further before taking him before the justice of the peace.

That early the next morning the petitioner sent for the sheriff and told him that he had made peace with his Lord and he wanted to go ahead and plead guilty and take his medicine.

That the petitioner was then, later that morning, taken before the justice of the peace where the complaint was read at length to the petitioner, and he was then informed by the justice of the peace of his right to take 24 hours to plead, and of his right to be represented by

an attorney, but that the petitioner waived these rights and waived a preliminary hearing, and was bound over to the district court (in addition to the testimony, the transcript of the record from the justice of the peace shows that these rights were waived by the petitioner).

That later, that same day, the petitioner was taken before the district judge, and the information was read to petitioner in open court by the county attorney; and the district judge informed him that he could take time to plead, and that he was entitled to be represented by an attorney, and that the county would hire one for him without expense to the petitioner if petitioner could not hire one. That the petitioner stated that he did not want an attorney, but wanted to plead guilty and get it over. That the district court then pronounced sentence upon the petitioner. The petitioner remained in jail nine days, where his mother and other relatives visited with him before he was taken to the penitentiary.

The minutes of the district court proceedings show that the petitioner was informed of his rights which were waived by him; the minutes specifically reiterate that he waived his right to be represented by counsel and the time to plead, and entered his plea of guilty.

It is apparently the contention of petitioner that since the record shows the petitioner waived his preliminary hearing, was bound over to the district court, and entered his plea of guilty in the district court without the aid of counsel, all on the same day, that the same on its face showed a want of due process of law, citing Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18, 19.

It was held in Ex parte Barnett, supra, that:

"Under Bill of Rights, sec. 20, Okla. St. Ann. Const., an accused has the right to consult with counsel and to be fully advised as to his rights, and as to the consequences

of his act before entering his plea to the indictment or information."

However, in the case of Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139, 141, and in Ex parte Bradley, 72 Okla. Cr. 107, 113 P. 2d 611, it was held that:

"A person prosecuted for a crime may waive the rights guaranteed to him by bill of rights, relating to trial by jury, right to be heard by counsel, etc. * * *

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

In the above cases the minutes of the district court proceedings were silent as to whether the petitioner was advised as to his right to be represented by counsel, and time to plead, and his right to be tried by a jury; but in the instant case, the minutes of the district court show the petitioner was fully advised as to his rights, and that he waived the same. Petitioner offers no evidence to rebut the recitals in these minutes. On the contrary, the affidavits of the trial judge, the county attorney, and the sheriff show the petitioner was fully advised of his rights; but that being guilty of the offense with which he stood charged, he desired to plead guilty, and that he waived time within which to plead to the information, his right to a trial by a jury, waived his right to be represented by counsel, and entered his plea of guilty, the petitioner fully understanding the nature of the charge against him and the consequences of his plea.

It is our opinion, after a consideration of this record, that the contentions of the petitioner are without merit, and that his petition filed herein should be denied.

It is so ordered.

BAREFOOT, P. J., concurs. DOYLE, J., absent.