Ex parte J. D. MARCHBANKS.

No. A-10094.   Sept. 3, 1941.

(116 P. 2d 725.)

W. N. Redwine and W. J. Hulsey, both of McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J.  This is an original proceeding in habeas corpus wherein the petitioner, J. D. Marchbanks, seeks his release from imprisonment in the State Penitentiary at McAlester.

This proceeding is similar in many respects to the case of Ex parte Wooldridge, 72 Okla. Cr. 292, 115 P. 2d 284, 286.  The same attorneys appear in this case as appeared for the petitioner in Ex parte Wooldridge, supra, and substantially the same issues are presented.

The verified petition filed herein alleges in substance that an information was filed against the petitioner in the district court of Garvin county on July 17, 1937, charging the defendant with the rape of his 15 year old daughter, Eveline Marchbanks.

That said petitioner was ignorant of the law and did not have a lawyer to represent him when he was called upon to plead to said charge; that the court did not ask him if he wanted a lawyer; that the information was not read to him; and that he was not served with a copy of the information at that time.

It is further alleged that the petitioner was not served with a list of the witnesses that would appear against him in chief, and was not advised by the court that he was entitled to a postponement of the case for 24 hours before being required to plead to the said charge.  The said petitioner, being illiterate and inexperienced in court and not being advised of his constitutional and statutory rights as above said, pleaded guilty to said charge and was immediately sentenced by the judge of the district

court of Garvin county to 15 years' imprisonment in the State Penitentiary at McAlester.

The petition further alleges that the judgment and sentence is void for the reason that the same was pronounced against the petitioner without due process of law, and that petitioner is entitled to his discharge.

The affidavit of the petitioner, which recites substantially the same facts as alleged in the petition, has been filed with this court in support of said petition.

The warden of the State Penitentiary, acting through the Attorney General, has filed a response to the petition in which he admits that the petitioner was committed to the Oklahoma State Penitentiary to serve a sentence of 15 years for the charge of rape from Garvin county, Oklahoma.

The respondent further specifically denies the allegations contained in the petition, but alleges the facts to be as follows:

That on July 7, 1937, a complaint was filed before the county judge of Garvin county, acting as examining magistrate, charging said petitioner with the crime of rape committed upon the 15 year old daughter of said petitioner; that on that day said petitioner appeared before said county judge; the complaint was read at length to him, and he was at that time advised of his right to counsel and of time in which to plead to said complaint; that petitioner entered his plea of not guilty; that six days later, on July 13, 1937, the petitioner again appeared before said county judge and advised said county judge that he wished to withdraw his plea of not guilty; that petitioner was again advised by the county judge of his right to consult with counsel before making any statement; but that petitioner at his own request changed his plea of

not guilty to a plea of guilty, and asked to be bound over to the district court for sentence, which was accordingly done. That four days thereafter, on July 17, 1937, the petitioner was taken before the judge of the district court of Garvin county for arraignment upon the information charging rape as aforesaid. That at that time the information was read at length to the petitioner by the county attorney, and the court advised petitioner of his right to have further time in which to plead to said information and the employment of counsel or for the court to appoint counsel to defend him in case he was financially unable to employ counsel and wished the services of counsel; that he was further advised of his right to be tried by a jury and of his other legal and constitutional rights; but that petitioner, after being fully advised of all of these matters and fully acquainted with the nature of the charge and of the possible penalties that might be inflicted against him, chose to waive his rights and enter his plea of guilty, and was accordingly sentenced to serve said term of 15 years in the State Penitentiary.

The Attorney General, in support of his response, introduced the minutes of the county court of Garvin county, the minutes of the district court of Garvin county, and sworn affidavit of Sam J. Goodwin, who was the duly elected and acting county attorney of Garvin county at the time of the proceedings against the petitioner involved herein, the affidavit of Ben T. Williams, who was the county judge before whom petitioner's preliminary complaint was filed, and the affidavit of W. G. Long, district judge of Garvin county at the time petitioner was sentenced upon his plea of guilty to said charge.

Said affidavits of said county officials are lengthy, and it is not necessary to set the same out in detail. It is sufficient to say that they fully support the allegations

of the response and are sufficient to convince this court that the petition filed herein is wholly without merit and should be denied.

As has been repeatedly held by this court:

"A person prosecuted for a crime may waive the rights guaranteed to him by bill of rights, relating to trial by jury, right to be heard by counsel, etc. * * *

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

See Ex parte Wooldridge, supra; Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139; Ex parte Bradley, 72 Okla. Cr. 107, 113 P. 2d 611.

It is our opinion, after a full consideration of this record, that the petitioner was accorded every right guaranteed to him under the statutes and Constitution of the State of Oklahoma in the proceedings in the county court and in the district court upon his arraignment in connection with the charge upon which he now stands incarcerated in the State Penitentiary, and for that reason his petition for a writ of habeas corpus should be denied.

It is so ordered.

BAREFOOT, P. J., concurs. DOYLE, J., absent.