# Ex parte PAUL NYE.

No. A-10191.    Sept. 23, 1942.
(129 P. 2d 614.)

W. N. Redwine, of McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J.    Petitioner, Paul Nye, has filed a petition seeking his release from the State Penitentiary, at McAlester, where he is confined by reason of the judgment and sentence of the district court of Le Flore county,

pronounced upon a plea of guilty entered on the 3rd day of February, 1941.

It is alleged in the petition that petitioner is illegally restrained of his liberty as follows:

"Petitioner avers that on the 3rd day of February, 1941, petitioner was charged in Le Flore County, Oklahoma, by information of having committed rape, on a female by the name of Pauline Thompson, 12 years of age, which charge was set forth in the information filed in the District Court of Le Flore County on the 3rd day of February, 1941, and on the same day, to-wit: February 3, 1941, said petitioner was arraigned before the trial judge of Le Flore County and called upon to plead to said information. Petitioner states that he did not have a lawyer to represent him at the time he was called upon to plead to said information, that he was not advised by the trial judge that if he did not have a lawyer employed to represent him and was not able to employ one the court would appoint a lawyer to represent him. Petitioner states that he was not financially able to employ one, and uneducated, and ignorant of the law, and when said petitioner was called upon by the court, said petitioner plead guilty to said charge and was sentenced by the trial judge to 20 (Twenty) years in the penitentiary located at McAlester, Oklahoma.

"Petitioner further states that he did not have a list of witnesses first served upon him by the state, neither did he have a copy of the information filed against him served upon him before being called upon to plead to said charge. Petitioner states that he was not advised by the court that he could take time to plead if he so desired and the petitioner did not know that he, under the law, was entitled additional time to plead said information. Petitioner further states that when he plead guilty of said charge the court then and there and without postponing the sentence for two days sentenced petitioner for 20 (Twenty) years in the Penitentiary as aforesaid.

"Petitioner further states that the information filed against him charging him with a Capital crime and that he was entitled, under the law, to have said case postponed two days before being sentenced after he plead guilty, which was not done. Petitioner further states that he was not advised by the trial judge of any of his statutory or constitutional rights at the time he was called upon to plead to said charge.

"Petitioner further states that under the facts herewith set forth, the judgment of the court sentencing him to the Penitentiary for 20 (Twenty) years was null and void and the commitment issued committing said Petitioner to the Penitentiary was null and void and the court had no authority or jurisdiction to pronounce sentence and judgment against petitioner under the facts he has above stated."

Upon the filing of the above petition an order was entered denying a writ of habeas corpus, but ordering a rule to show cause. A reply was filed by the Attorney General on behalf of the Honorable Fred Hunt, warden of the State Penitentiary. In said response a general denial of all the allegations of the petition was made and it was further stated:

"Respondent states that the said Paul Nye is incarcerated in the Oklahoma State Penitentiary pursuant to a judgment of the District Court of Le Flore County of date February 3, 1941, committnig said Paul Nye to said Penitentiary to serve a term of 20 years; that said judgment and sentence was duly and legally pronounced; that a preliminary information had been filed on December 30, 1940, before the County Judge of said county as examining magistrate; that said Paul Nye was arrested and confined in the county jail and had the privilege of and did confer with counsel; that January 31, 1941, was fixed as the date for preliminary hearing; that on said date said Paul Nye, after being fully advised of his rights, waived preliminary and entered a plea of guilty; whereupon order was entered binding him over to the District Court of said county. That said Paul Nye had the op-

portunity to and did confer with his father and brothers. That on February 3, a transcript and information having been filed in the District Court the said Paul Nye appeared before the District Court and after being advised of all of his constitutional and statutory rights as to benefit of counsel and trial, and after reading of the information to him, entered a plea of guilty to said charge and expressed his readiness to have sentence pronounced; whereupon judgment and sentence was pronounced."

Attached to the response are affidavits of Judge William S. Hall, the district judge who sentenced the defendant, Clyde E. Whisenant, the court clerk of Le Flore county, Johnnie Davis, a deputy sheriff of Le Flore county, who was present in court at the time defendant was sentenced, Foster Windham, who was the county attorney of Le Flore county and present at the time defendant waived a preliminary hearing, and when he was sentenced in district court. In the affidavit of the county attorney a statement of the facts is presented. Also attached to the response is a copy of the complaint filed in the justice of the peace court, also a transcript of the proceedings before the justice of the peace at the time he waived preliminary. In this transcript it is stated:

"Now on this 31st day of January, 1941, at ten o'clock a. m. comes on for hearing the arraignment and preliminary examination of Paul Nye, charged by information herein with the crime of Rape in first degree, and the State of Oklahoma, being represented by its attorney, Honorable Foster Windham, and the defendant being preesnt but not represented by an attorney, was fully advised of his rights under the law to have an attorney to represent him, and stated that he had talked to several attorneys and did not care to be represented, and the rights of a defendant were fully stated both by the County Attorney and by the Court; and the defendant was duly arraigned and stated that he desired to enter his plea of guilty, and was again admonished by the Court that

such a crime as charged in the information could carry either life imprisonment or a death penalty, and said defendant stated that he fully understood such matters, and said defendant then stated that he desired to enter his plea of guilty; and defendant was then advised of his rights to have a preliminary examination and further stated that he desired to waive such hearing and to be bound over to answer the charge in the District Court of Le Flore County, Oklahoma;

"It is therefore by the Court ordered, adjudged and decreed that said defendant be and he is hereby held to answer such charge of Rape in the first degree in the District Court of Le Flore County, Oklahoma, and that he be and is hereby committed to the Sheriff of Le Flore County, Oklahoma, to be held without bail."

Also attached to the response is a copy of the information filed in the district court and a copy of the judgment and sentence.

In the nature of a reply an affidavit of petitioner was filed in which he denies statements contained in the affidavits; also an affidavit by Dutch Altes.

The above constitutes the record and the issues. No transcript of the record, with the evidence, if any was taken before the district court of Pittsburg county when application was made for writ of habeas corpus in that court, is presented. No evidence was taken before this court at the time of the submission of the case.

Petitioner bases his right to a writ of habeas corpus upon the decision of this court in the case of Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139, 147. However, the facts in that case are materially different from the facts in the instant case. There the defendant was a minor. A preliminary was waived in Tillman county on April 29, 1932, and defendant sentenced on the same day, April 29, 1932. On the same date he was taken to Comanche county and was, on the 30th day of April,

1932, arraigned before a justice of the peace, an information was filed against him in the district court and on the same day, April 30, 1932, he was arraigned in the district court and sentenced to serve a term of forty (40) years in the penitentiary for robbery with firearms. He had relatives in this state but no opportunity was given him to consult with them. In the instant case a preliminary complaint was filed against the defendant on December 30, 1940, and the date of his preliminary hearing was set for January 31, 1941. He remained in jail until February 3, 1941, at which time he entered his plea of guilty. In the Meadows Case there was no showing by the record before the justice of the peace that defendant was asked with reference to his desire to have counsel. In the case at bar the record, as shown by the transcript of the justice of the peace, hereinbefore referred to, reveals that all of his constitutional and statutory rights were protected.

In the Meadows Case, supra, it is stated:

"In this connection, we wish to state that no general abstract rules can be set forth which apply to every case, but the question as to whether or not the judgment and sentence has been passed in conformity with the Constitution and statutes depends upon the facts in each particular case."

Since the decision was rendered in the Meadows Case, this court has had before it two cases in which the facts as revealed in the instant case are almost identical. These are the cases of In re Bradley, 72 Okla. Cr. 107, 113 P.2d 611, and Ex parte Wooldridge, 72 Okla. Cr. 292, 115 P.2d 284. It is unnecessary to quote at length from these decisions. They may be read by those who desire to do so. It is held in these cases that where a petition for habeas corpus is filed in this court and the allegations of the petition are to be taken as evidence before the court, we will

also consider the affidavits of the officers and other witnesses who were present and had knowledge of the facts at the time of the sentencing of the defendant. Certainly it can nót be argued that the allegations of the petitioner will be taken as true and the affidavits of the officers be not considered. In the Bradley Case, supra[72 Okla. Cr. 107, 113 P.2d 615], it is said:

"The judgment and sentence, attached to the position, is on the printed form generally used throughout the state by the various county attorneys in connection with the sentencing the defendants upon pleas of guilty in felony cases. This printed form does not state whether the defendant was advised as to his right to have counsel appointed to represent him nor to have time within which to plead to the information placed against him, nor is any reference made therein to any statement by the court advising the defendant of any of his legal or constitutional rights".

Of course it would be better to make this record more full and complete by reciting the exact facts with reference to the guarantees given to a defendant under the statutes and the Constitution, but as further stated in the Bradley Case:

"These minutes are not as full as they should have been under the facts as disclosed by the affidavits of the court attaches who were present at time of the arraignment and plea of guilty by the petitioner. The presumption created by the absence of the recital of the waiver of these rights in the minutes of the court and in the journal entry of judgment and sentence, however, has been overcome by the testimony of the court officials, which shows that the proceedings upon the arraignment of the defendant were regular and that the court had jurisdiction to pronounce judgment and sentence against the accused upon his plea of guilty".

The question of the waiver of these statutory and constitutional rights has been settled by the early decisions of this court, which have been followed by the later deci-

sions. It is unnecessary to quote from these so we merely give citations: Starr v. State, 5 Okla. Cr. 440, 449, 115 P. 356; State v. Frisbie, 8 Okla. Cr. 406, 127 P. 1091; Ex parte Gilbert, 71 Okla. Cr. 268, 111 P.2d 205; Ex parte Bradley, 72 Okla. Cr. 107, 113 P.2d 611. It has also often been decided that one has the right to enter a plea of guilty in this state and receive his sentence and thereby waive the right to a trial by jury. See cases above cited. Also, in the case of Ex parte Barton, 32 Okla. Cr. 41, 239 P. 944, 945, it is said:

"Courts in dealing with minors of the age of 18 years charged with a felony where such minors appear without counsel, parent, or friend, should carefully guard their constitutional and statutory rights in all matters of procedure. Under such circumstances it would seem appropriate for the court to exercise the duties in the nature of a guardian for minor defendants in order that no injustice may inadvertently result. But a failure to so safeguard the rights of accused minors, while it might amount to reversible error on an appeal, will not be sufficient to deprive the trial court of its jurisdiction over such minors so as to give the accused a remedy by habeas corpus in this court."

"To determine whether these petitioners have a right to relief by habeas corpus this court must first consider whether the court which rendered the judgment had jurisdiction of the subject-matter and of the persons, and whether during the course of the proceedings the trial court lost jurisdiction of either. Ex parte Hill, 12 Okla. Cr. 335, 156 P. 686; Ex parte Lyde, 17 Okla. Cr. 618. 191 P. 606 ".

In the case at bar the record reveals that defendant remained in jail for 34 days after his arrest and before his preliminary hearing; that he talked to several attorneys and that at the time of his preliminary trial he informed the court that he did not want an attorney but desired to enter his plea of guilty. It is further revealed that the

father and brothers of defendant consulted with him while in jail, and prior to his entering his plea of guilty, and, after reviewing the facts, decided that it would be better for him to enter a plea of guilty than to attempt to stand trial in the district court.

As stated above, the affidavit of the county attorney reveals the facts under which petitioner was charged and by an examination thereof it is readily seen why a plea of guilty might be entered in this case, instead of standing trial. The crime with which he was charged provides a maximum punishment of death or by imprisonment in the penitentiary for a period of his natural life. In the instant case petitioner received a sentence of 20 years and is confined in the State Penitentiary. He has the right under the law to apply for a writ of habeas corpus to this or any other court which has jurisdiction; but in cases of this character this court should not be called upon to decide conflicting questions of fact as to what really transpired at the time of the sentencing of a defendant.

The Constitution of this state has provided for executive clemency by pardon and parole. Article 6, §10. This power, under the Constitution, has been lodged in the Governor of the state. He is provided with an opportunity for a complete examination of the facts, and, if it is justifiable, relief may be granted. It is only when the judgment and sentence is absolutely void that relief may be had in the courts by habeas corpus and, while the courts will act when justice and the law require, yet such action should not be taken upon slight provocation or technicalities, long after one has been sentenced and is serving the same. Such action as this, after witnesses have disappeared or died, would only lead to the discharge of many who have been rightfully imprisoned and have not fully paid the penalties for the crimes which they committed.

After a careful examination of the record, we are of the opinion that the petition for habeas corpus should be denied and it is so ordered.

DOYLE and JONES, JJ., concur.