Ex parte RAYMOND NOBLE.

No. A-10440.    Dec. 22, 1943.

(144 P. 2d 122.)

Hulsey & Hulsey, of McAlester, and Sid White, of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for respondent.

BAREFOOT, J. Petitioner, Raymond Noble, has filed his petition seeking to be released from the State Penitentiary at McAlester, where he is now confined by reason of a judgment and sentence by the district court of Choctaw county, Okla., sentencing him to serve a term of life imprisonment for murder committed in that county.

The petition is very lengthy, and for the sake of brevity we will state the contentions therein made upon which this petition for relief is based.

It is alleged that petitioner was charged with the crime of murder in Choctaw county. That he did not have a preliminary hearing. That he did not have counsel to represent him at the time he entered a plea of guilty. That he was not advised of his right to have counsel and of other rights which he had under the statute and Constitution of this state. That his plea of guilty was entered by reason of fear upon his part, caused by statements made by the sheriff and county attorney, advising him that if he did not enter a plea of guilty that he would get the electric chair. That he was afraid certain other parties who were also informed against, would by reason of conspiracy give testimony against him.

A rule to show cause was entered in this case, and petitioner was brought from the penitentiary to appear in person before this court and give testimony. Other oral and documentary evidence was presented at the hearing. Reference will be made only to that part which we consider essential to the disposition of this case.

Petitioner, when a young man 18 years of age, was charged with the crime of larceny of an automobile. He pleaded guilty to this charge, and served a sentence of five years in the State Penitentiary. Soon after his release from the penitentiary, he was charged with the crime of murder, jointly with another person. Petitioner had left the state, and his father and an attorney went to the state of Texas and persuaded him to return to Oklahoma and face the charge against him. There is evidence of promises made to him by his father and the attorney with reference to making application for clemency at a future date.

Petitioner testified that he did not know he was charged with murder, but thought he was charged with burglary. He also denied having a preliminary hearing

on the murder charge, and denied that he had counsel to represent him at the time he entered his plea of guilty. He testified that he was not informed by the court of his right to have counsel, right to time to plead, and other rights, and that he entered his plea by reason of fear, as stated in his petition.

The records introduced in the case by the state and those attached to the petition reveal that the complaint charging petitioner with the crime of murder was filed in a justice court of Choctaw county on February 5, 1930; that he was taken before the magistrate on February 17, 1930, and on that date waived a preliminary examination, and was held without bail to the district court. His father was present in person at the preliminary hearing. An information was filed in the district court of Choctaw county on February 19, 1930, and to this information he entered a plea of guilty on March 5, 1930. His father, who testified at the hearing before this court, was present and advised petitioner to enter a plea of guilty. The attorney who accompanied his father to Texas, in a letter to the Pardon and Parole Board, states that he was present at the time petitioner entered his plea; and that while he did not represent petitioner as he was never paid any fee, by reason of his friendship for petitioner's father, who was unable to employ counsel, he being familiar with the facts, had previously advised both the father and the defendant to enter the plea of guilty, not as petitioner's attorney, but as a friend of his father.

From the above statement, it may be clearly seen that the judgment and sentence entered in this case was not void. The judgment and sentence is upon a form such as has been in use in this state for many years. It is prepared by the clerk, and signed by the court. It does not state whether or not the defendant had counsel at the time

of entering the plea, but does state that he was "asked if he had any legal cause to show why judgment and sentence of the court should not be pronounced against him at this time; and, no legal cause being shown, and none appearing to the court; the court being fully advised in the premises, doth hereby adjudge and sentence the said defendant for the said crime by him committed."

He had the right to enter a plea of guilty, as has often been held by this court. Ex parte Nye, 75 Okla. Cr. 155, 129 P. 2d 614; Ex parte Bradley, 72 Okla. Cr. 107, 113 P. 2d 611; Ex parte Wooldridge, 72 Okla. Cr. 292, 115 P. 2d 284.

As to his right to waive these rights, see the following cases: Starr v. State, 5 Okla. Cr. 440, 115 P. 356; State v. Frisbie, 8 Okla. Cr. 406, 127 P. 1091; Ex parte Gilbert, 71 Okla. Cr. 268, 111 P. 2d 205; Ex parte Bradley, supra.

There is nothing in the record to bring the petitioner within the class of cases where relief has been granted by reason of one not having an attorney at the time of entering his plea. Ex parte Hill, 12 Okla. Cr. 335, 156 P. 686; Ex parte Lyde, 17 Okla. Cr. 618, 191 P. 606; Ex parte Barton, 32 Okla. Cr. 41, 239 P. 944; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645; Ex parte Pennington, 71 Okla. Cr. 263, 110 P. 2d 923.

In an affidavit of the county attorney, he states:

"* * * and that thereafter a proper information was duly filed in the district court in and for Choctaw county, Oklahoma; that thereafter the said defendant appeared before the district court in and for Choctaw county, Oklahoma. At the time he was again represented by counsel; that he was fully advised of his constitutional and statutory rights by the court; that he personally and through counsel waived additional time within which to plead and entered his plea of guilty, and waived any and all other

time; that when the court asked if there was any further legal reason why he should not be sentenced at the time he replied that there was not and that he was therefore on his plea of guilty, sentenced to life imprisonment in the State Penitentiary."

His father was present and was familiar with all the facts surrounding the charge against his son, the petitioner. He was a prominent citizen of Choctaw county, and well understood the nature of the charge. He had the advice of able counsel, who, while not employed to defend petitioner, did consult with his father, and stated that petitioner well understood when he entered his plea of guilty that he would receive a life sentence. The fact that the codefendant of petitioner was permitted to enter a plea of guilty to manslaughter and receive a 15-year sentence, which he has served, as revealed by the record, may not be considered by this court upon a hearing for writ of habeas corpus. The record does not recite why a difference was made in the punishment of these two defendants.

We have examined the file in the office of the Pardon and Parole Board. The question of clemency is for the consideration of the Governor of this state, who, under the Constitution and statutes, is given the power to pardon and parole.

For the reasons above stated, the petition for writ of habeas corpus is denied.

JONES, P. J., and DOYLE, J., concur.