## TIMMIE FACTOR v. STATE.

No. A-7766.   Opinion Filed Dec. 13, 1930.
(294 Pac. 206.)

Billingsley & Stanley, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county on a charge of assault with a dangerous weapon and was sentenced to serve a term of one year in the state penitentiary.

The information charges defendant with assault with intent to kill. At the close of the testimony defendant asked leave to withdraw his plea of not guilty and to enter a plea of guilty to the included offense of assault with a dangerous weapon. The court permitted this to be done. The plea was entered and the case passed for one week for the passing of sentence. At that time defendant filed a motion asking leave to withdraw his plea of guilty setting out that he is a full-blood Seminole Indian, did not know the English language, and did not understand that he would be sentenced to a term of one year in the penitentiary. He was represented at the trial by able counsel. Section 2621, Comp. St. 1921, permits the withdrawal of a plea of guilty at any time before judgment. This court has held that it may be withdrawn even after judgment, where it appears that a defendant was ignorant or unduly influenced, or his rights were not properly protected. Permitting a defendant to withdraw his

310

plea is discretionary with the court. In this case there was no abuse of discretion.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.