# JOE QUICK v. STATE.

No. A-10271.   Oct. 14, 1942.

(130 P. 2d 101.)

Gordon Johnston and M. J. Parmenter, both of Oklahoma City, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

PER CURIAM.   Defendant, Joe Quick, was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, and entered a plea of guilty and was sentenced to pay a fine of $50 and to serve 30 days in the county jail, and has appealed.

The Attorney General has filed a confession of error in which it is stated:

"Comes Now the State of Oklahoma, defendant in error, and confesses error in said cause for the following reason:

"It appears that the defendant and his counsel, pursuant to an agreement with the county attorney, went to the court house for the purpose of entering a plea of guilty, but that the defendant did not personally accompany his counsel before the court and seems not to have been personally present when the plea of guilty was entered.

"22 O. S. 1941 § 516 provides: 'A plea of guilty can in no case be put in, except by the defendant himself, in open court, unless upon an indictment or information against a corporation, in which case it can be put in by counsel.'

"§ 583 provides: 'If the indictment or information is for a felony, the defendant must be personally present at the trial, but if for a misdemeanor not punishable by imprisonment the trial may be had in the absence of the defendant; if however, his presence is necessary for the purpose of identification, the court may, upon application of the county attorney, by an order or warrant, require the personal attendance of the defendant at the trial.'

"While we do not doubt the guilt of the defendant, and that defendant as well as his counsel fully understood the agreement with the assistant county attorney for the entry of said plea of guilty, we are obliged to confess that such plea entered in his absence was not binding upon him, and that the trial court should have permitted the withdrawal of same."

"Mac Q. Williamson, Attorney General

"Sam H. Lattimore, Assist. Attorney General,

"Attorneys for Defendant in Error."

We have examined the record and find the statements made by the Attorney General are true, and, for the reasons therein stated, the judgment and sentence of the court of common pleas of Oklahoma county is reversed and remanded.