## L. D. HOUSE v. STATE.

No. A-10085.   Nov. 12, 1942.

(131 P. 2d 124.)

Phil K. Oldham, of Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Douglas Garrett, Co. Atty., of Muskogee, for defendant in error.

BAREFOOT, P. J. Defendant, L. D. House, was charged in the county court of Muskogee county with the crime of unlawful possession of intoxicating liquor, to wit: 1,717 one-half pints, 1,109 pints, and 51 quarts of intoxicating whisky; was tried, convicted and sentenced to pay a fine of $200 and to serve 30 days in jail, and has appealed.

Defendant presents two propositions upon which it is contended this judgment should be reversed:

(1) That defendant was never arraigned upon the charge lodged against him; and was not present in "open court" at the time sentence was pronounced;

(2) That the court erred in refusing to grant the motion of defendant to be permitted to withdraw his plea of guilty theretofore entered and enter a plea of not guilty.

These assignments of error may be considered together.

A motion was made by defendant to set aside the plea of guilty entered by defendant on the 20th day of March, 1940, and permit the entering of a plea of not

guilty. This motion was filed on the 8th day of April, 1941, the day upon which sentence was pronounced. At the hearing upon this motion the evidence of the defendant was taken and the state offered in evidence the record of the minutes of the county court of Muskogee county. The court, after hearing this evidence, overruled the motion of defendant, and from this action this appeal is prosecuted.

Defendant testified that he had never been formally arraigned prior to entering his plea of guilty; that when he entered his plea of guilty it was in the chambers of the county judge, and that the county judge, the county attorney, and himself were the only ones present, and that the county judge did not go in "open court" and pronounce sentence against him. He also testified that he did not have an attorney to represent him at that time and that he was not advised of his "rights" by the county judge prior to entering his plea of guilty. There was no evidence offered by defendant on the motion showing that he had a valid defense to the crime charged against him. The record and minutes of the county court of Muskogee county, which were offered in evidence, were as follows:

"Minutes"

"And now on this 30th day of September, 1939, in open court in person and by counsel A. M. deGraffenried, waives arraignment further time to plead and enters a plea of not guilty to the crime of Unlawful possession of Intoxicating Liquor. Jury trial demanded and bond fixed in the sum of $500.00."

"And now on this 4th day of March, 1940, Motion to continue on part of bondsmen, heard and cause taken under advisement by the Court".

"And now on this 5th day of March, 1940, Motion for forfeiture denied and exceptions allowed, motion to

strike from calendar sustained, exceptions allowed, to which plaintiff gives oral notice in open court of their intention to appeal to the Criminal Court of Appeals of the State of Oklahoma, and said notice is so noted on the trial docket of this Court."

"And now on this 20th day of March, 1941, Defendant in open court in person without counsel, withdraws his plea of not guilty heretofore entered and enters a plea of guilty to the crime of Possession of Liquor. Passed to April 8th, 1941, at 9:00 A.M. for sentence."

"And now on this 8th day of April, 1941, Defendant in open court and by attorney Phil K. Oldham, Motion to withdraw former Plea of guilty heard and overruled, exceptions allowed. Defendants motion for new trial is heard and overruled and defendants exceptions allowed. Whereupon defendant is sentenced to serve a term of 30 days in the County Jail of Muskogee County Oklahoma and to pay a fine of $200.00 and costs. Defendant excepts and gives notice in open court of his intention to appeal to the Criminal Court of Appeals of the State of Oklahoma. Said notice is so noted upon the trial docket of this court and for good cause shown defendant is given 40 days within which to make and serve case made, plaintiff given 10 days to suggest amendments thereto same to be settled upon 5 days notice in writing by either party. Defendants appeal bond fixed in the sum of $750.00."

From the record and evidence it is revealed that an information was filed against defendant in the county court of Muskogee county on the 30th day of September, 1939. He was arrested on that date, and on the same date appeared before the court in person and by counsel, giving the name of his counsel; that he waived arraignment and entered a plea of not guilty and demanded a jury trial. Thereafter, and on the 20th day of March, 1941, according to the minutes of the court, defendant appeared in open court in person and without counsel and withdrew his plea of not guilty and entered a plea

of guilty and his case was passed for sentence to April 8, 1941. On this date, April 8, 1941, the motion to withdraw the plea of guilty was filed and, on the same date, denied by the court and judgment and sentence was immediately pronounced thereon. The minutes further reveal that on the 4th of March, 1940, a motion for continuance on the part of the bondsmen of defendant was heard and taken under advisement by the court, and on the 5th day of March, 1940, the motion for forfeiture of defendant's bond was denied and his case was stricken from the docket.

With reference to the question of the refusal to sustain the motion to permit the withdrawal of the plea of guilty, this court has often spoken and the rule has been announced that where a plea of guilty has been entered and a motion has been made to set the same aside and permit the entering of a plea of not guilty, the granting of the motion is within the discretion of the trial court and will not be set aside on appeal unless in the opinion of the court there has been an abuse of discretion. McAtee v. State, 39 Okla. Cr. 10, 262 P. 703; Rudolph v. State, 32 Okla. Cr. 265, 240 P. 761; Cook v. State, 45 Okla. Cr. 69, 281 P. 819; Factor v. State, 49 Okla. Cr. 308, 294 P. 206; Hart v. State, 29 Okla. Cr. 414, 233 P. 1095; Jenkins v. State, 6 Okla. Cr. 516, 120 P. 298; Bennett v. State, 75 Okla. Cr. 42, 128 P. 2d 253; Shiever v. State, 55 Okla. Cr. 342, 30 P. 2d 192.

In the consideration of this motion the court will consider the minutes and record of the court and also the evidence taken at the time the motion is presented. In re Burrell Bradley, 72 Okla. Cr. 107, 113 P. 2d 611; Ex parte Ora Wooldridge, 72 Okla. Cr. 292, 115 P. 2d 284; In re Paul Nye, 75 Okla. Cr. 155, 129 P. 2d 614.

It is provided in Oklahoma Statutes 1931, section 2961, O. S. A. (Stat. 1941), Title 22, § 517, as follows:

"Plea of guilty may be withdrawn.—The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted."

The cases above cited have construed this statute. The record reveals that the case here involved was a misdemeanor. Certainly there was no hasty trial of defendant. He was arrested on the 30th day of September, 1939, and released on bond. He was not sentenced until April 8, 1941. The record discloses by his own evidence that he had had previous experience as an offender of the prohibition laws of this state; that his plea of guilty was voluntary on his part, and after a motion to forfeit his bond had been made, and that the delay was for the purpose of giving him an opportunity to secure the money to pay his fine. There is nothing in the record which would cause the court to believe that any injustice had been imposed upon defendant by entering the plea. There is nothing to show that he had any defense to the charge against him. According to his own testimony he was only seeking delay that he might have further opportunity to secure the money to pay his fine. This court always has stood for, and now stands for, a liberal construction of the statute above quoted and especially in felony cases. If there is a substantial reason, as shown by the facts, the court should be liberal in permitting the withdrawal of a plea of guilty and substituting therefor a plea of not guilty, to the end that defendant may be tried upon the facts by a jury of his peers. But at the same time, courts should not be trifled with, and when defendants have entered their pleas of guilty in good faith and they have not been deprived of a substantial right, the dis-

cretion of the trial court in refusing to set the same aside should not be reversed.

It is unnecessary to review the many cases heretofore cited. The cases of Heath v. State, 23 Okla. Cr. 382, 214 P. 1091, and Neville v. State, 72 Okla. Cr. 240, 114 P. 2d 961, have reviewed this question and fully state our views therein. In the Neville Case the lower court was reversed for the reason of its failure to sustain the motion to permit the withdrawal of the plea of guilty, but the facts in the instant case are in no wise comparable with the facts in that case, as will be seen from a reading thereof.

Many of the statements above made with reference to the plea of guilty apply to the contention that defendant was not arraigned. The minutes of the court state:

"And now on this 30th day of September, 1939, Defendant in open court in person and by counsel A. M. deGraffenried, waives arraignment further time to plead and enters a plea of not guilty to the Crime of Unlawful Possession of Intoxicating Liquor. Jury trial demanded and bond fixed in the sum of $500.00."

It is thus shown by the record that defendant appeared in person and by his counsel and waived arraignment and entered his plea of not guilty. It is provided by Oklahoma Statutes 1931, section 2931, O. S. A. (Stat. 1941), Title 22, § 465, as follows:

"Arraignment made, how.—The arraignment must be made by the court, or by the clerk or county attorney, under its direction, and consists in reading the indictment or information to the defendant, and asking him whether he pleads guilty or not guilty thereto".

The construction of this statute by this court has been most liberal. See the following cases: Spencer v. State, 5 Okla. Cr. 7, 113 P. 224; Fuller v. State, 70 Okla.

Cr. 408, 106 P. 2d 832; Hast v. Territory, 5 Okla. Cr. 162, 114 P. 261.

With reference to the statement made that defendant was not in "open court" at the time of entering his plea of guilty, it is directly contrary to the minutes of the court, which were in evidence and have heretofore been quoted. The plea of guilty was voluntary on his part and the record shows it was in "open court". This record and the evidence was for the consideration of the court. Bean v. State, 27 Okla. Cr. 228, 226 P. 115. We have recently had Oklahoma Statutes 1931, § 2960, O. S. A. (Stat. 1941), Title 22, § 516, under consideration in the case of Joe Quick v. State, 75 Okla. Cr. 241, 130 P. 2d 101; but in that case the defendant did not appear in person before the court at the time the plea was entered. This was not the facts in the instant case. Under the decisions above cited and as applied to the facts in this case, it does not appear that the court abused its discretion in refusing to sustain the motion by defendant to withdraw the plea of guilty entered on the 8th day of April, 1941.

The state, on the 16th day of January, 1942, and prior to the time defendant filed a brief in this case, filed a motion to strike the case-made for the reason that the same had not been served on the county attorney within the time prescribed by law and for the further reason that briefs had not been filed within the time prescribed by the rules of the court. With the view heretofore expressed, it is unnecessary to pass upon this question.

The judgment and sentence of the county court of Muskogee county is, therefore, affirmed.

DOYLE and JONES, JJ., concur.