# BOB WILSON v. STATE.

No. A-10569.   May 1, 1946.

(168 P. 2d 898.)

J. F. Thomas and Lewis Hunter, both of Lawton, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Ralph H. Cline, Co. Atty., of Comanche County, of Lawton, for defendant in error.

JONES, P. J.   This is an appeal from the action of the district court of Comanche county in refusing the application of the defendant to withdraw his plea of

guilty to an information charging the defendant with the crime of burglary in the second degree.

The information was filed against the defendant on November 12, 1943, and charged the commission of the crime of burglary on October 8, 1943. Thereafter, on the 4th day of March, 1944, the defendant was duly arraigned in the district court of Comanche county and entered his plea of guilty to the charge set forth in said information. The defendant asked the court to defer the pronouncement of judgment and sentence on his plea of guilty until the month of August to allow him to help finish certain crops. The court being uncertain as to whether he had the power to defer sentence past the term of court at which the plea of guilty was entered, deferred the pronouncement of judgment on the plea of guilty until March 20th. On March 20th, at the suggestion of the county attorney, the pronouncement of the judgment was further deferred until April 19, 1944. On April 19, 1944, the defendant appeared with counsel and filed a motion for leave to withdraw plea of guilty and enter a plea of not guilty.

He recited that he entered his plea of guilty because of advice given to him by certain friends who told him that if he would enter his plea of guilty it would be easier on him and he would get a parole.

The trial court set the motion to withdraw the plea of guilty for hearing on April 20, 1944, at which time the defendant was sworn and testified in support of his motion. In his testimony the defendant swore that he had entered his plea of guilty because of the advice of several of his intimate friends that it would be easier on him and that they would help him get a parole. He further testified that he was not guilty of entering the house and

stealing the radio as charged in the information. He admitted selling the stolen radio, but said that he had obtained it from a stranger who lived in another community who asked him to sell it for him. On cross-examination he admitted that at the time of his arraignment on March 4th he was fully advised as to his right to counsel and of his other legal and constitutional rights, and was further advised by the court that he would not be eligible for a suspended sentence for the reason that he had prior thereto been twice convicted of the crime of burglary. He further admitted that he told the judge that he was guilty of entering the house and taking the radio as charged in the information and that he said the reason he did it was because he was intoxicated. He further admitted in his testimony that in two or three conferences he had had with the county attorney concerning the crime, he had never mentioned the fact that he had obtained the stolen radio from another party.

The county attorney and the trial court each dictated statements into the record concerning the institution of the charges and the arraignment and plea of the defendant. The county attorney outlined to the court the nature of his proof against the defendant which, if sustained by the evidence, would have been sufficient to convict the defendant if he had been tried for that offense. The trial court dictated a lengthy statement into the record outlining his conversation with the defendant upon his arraignment, the advice given to the defendant concerning his various rights, and his inquiry of the defendant concerning the facts surrounding the alleged crime of burglary which it was charged the defendant had committed.

After reviewing the facts in connection with the arraignment and plea of the defendant and the ensuing delay in pronouncing sentence, the court concluded his statement by saying that he thought the motion by the defendant to withdraw his plea of guilty was solely for the purpose of delay.

The general rule followed by this court is that where a plea of guilty is entered through inadvertence, ignorance, or without deliberation, the trial court should be liberal in permitting it to be withdrawn and a plea of not guilty substituted. Kemp v. State, 35 Okla. Cr. 128, 249 P. 1116; Sloan v. State, 54 Okla. Cr. 324, 20 P.2d 917; Sanders v. State, 72 Okla. Cr. 85, 113 P.2d 198.

It is equally well settled that the granting or denying of permission to withdraw a plea of guilty and to substitute a plea of not guilty is a matter within the sound discretion of the trial court, and its action must be upheld unless an abuse of such discretion clearly appears. Rudolph v. State, 32 Okla. Cr. 265, 240 P. 761; Neville v. State, 72 Okla. Cr. 240, 114 P.2d 961; Tipton v. State, 30 Okla. Cr. 56, 235 P. 259.

In Hart v. State, 29 Okla. Cr. 414, 233 P. 1095, 1096, this court stated:

"A defendant should not be allowed to trifle with the court by deliberately entering a plea of guilty one day, and capriciously withdrawing it on the day set for pronouncing judgment."

There is no showing made here that would justify this court in concluding that the trial court abused his judicial discretion in refusing to allow the defendant to withdraw his plea of guilty. The defendant admitted that he was fully advised by the court as to all of his

various legal and constitutional rights. In his testimony he admits a state of facts which, at the very least, create a strong presumption of guilt on the part of the accused. The minimum punishment only was assessed. The burden being upon the defendant to show that his plea of guilty was entered through inadvertence or through ignorance, influence, or without deliberation, we hold that the defendant has failed to sustain this burden. Under the facts presented by this record we find no abuse of judicial discretion.

The judgment and sentence of the district court of Comanche county is therefore affirmed.

BAREFOOT, J., concurs. Doyle, J., not participating.