## AUBREY SHAW v. STATE.

No. A-10723.   March 26, 1947.
(179 P. 2d 169.)

Bill Logan, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J.   The defendant Aubrey Shaw, was charged on January 1, 1946 in the county court of Comanche county, Okla., of being in the unlawful possession of intoxicating liquor. On January 2, 1946, he was arraigned and sentenced to serve a term of 30 days in the county jail, and adjudged to pay a fine of $75.

The conviction was based upon a plea of guilty made and entered without the aid of counsel at the time of arraignment.

There is a sharp conflict in the testimony as to what occurred during the arraignment, and as to whether the defendant intended to enter a plea of guilty.

The record discloses that within five minutes after the plea had been entered and sentence pronounced, and its effect comprehended by the defendant, and he discovered what he had said had been interpreted as a plea of guilty, he objected and stated that he had not entered a plea of guilty. He immediately asked leave to withdraw the plea of guilty in order that he might enter a plea of not guilty.

The court permitted defendant to employ counsel and set up his contentions in a formal written motion for leave to withdraw his plea of guilty and to substitute a plea of not guilty. That motion was heard in the afternoon of the day the purported plea of guilty was entered.

At the hearing on the formal motion, the defendant testified that he thought he was being arraigned to make bond. That it was not his desire to enter a plea of guilty to the charge made against him, and that he did not consider himself guilty of the offense as charged, and that the plea of guilty was entered through ignorance and misapprehension. He admitted that the court advised him of all his rights, and that he was asked the following questions and gave the following answers on cross-examination:

"Q. He advised you that you had the right of trial by jury, right of counsel and the right of 24 hours in which to plead, he explained those to you, and he went further to state that you could enter a plea of guilty or not guilty if you desired? A. I didn't understand it that way. Q. He did make the statement to that effect, if you recall, and at the conclusion of which did you not state that you were guilty, you guessed? A. I said, 'I guess'. Q. Thereupon the county judge pronounced sentence upon you, did he not? A. Yes. Q. Then you left with the jailer and myself to go to the court clerk's office? A. That is right. Q. And then some few moments later you returned to the county judge's office and asked to withdraw your plea of guilty. A. Yes."

Whereupon, the defendant admitted that he had been convicted of cattle theft in 1936, and then he was asked the following questions, to which he gave the following answers:

"Q. The procedure of the arraignment this morning was not entirely new to you, you have been arraigned in court previous to today? A. That is the only time that I was ever arraigned, they just arraigned me for bond. By the Court: When they arraigned you, did they ask if you were guilty or not? A. No, sir, not when they arraigned me for bond, they could have but it has been so long I couldn't recall. By the Court: There was several witnesses there this morning when you were arraigned and I explained your rights to you thoroughly and told you that you had a right to a lawyer, time in which to talk to a lawyer before you entered your plea? A. Yes. By the Court: I told you all of your rights and I said, 'Now, you can have a right to enter your plea at this time, whether guilty or not guilty,' didn't I? A. I understood you to say, 'Are you guilty', and I said, 'I guess so'. "

On re-direct examination the defendant testified that prior to the arraignment he had made arrangements for a bondsman, and that the bondsman had actually appeared. He further testified that he was not aware of the fact that if he pleaded guilty he could not make a bond. He also testified that it was his intention to plead not guilty, and to make bond.

Mrs. Florence Greer testified that shortly after 9:30 a.m., she appeared at the courthouse on the morning of January 2, 1946, the same day all of these proceedings transpired, in response to a call from the defendant, to make his bond, and that she went to the courthouse for that purpose.

Other witnesses testified to the effect that the defendant actually entered a plea of guilty. Thereafter, the court

overruled the defendant's motion to withdraw the purported plea of guilty but vacated the judgment and sentence pronounced on the morning of January 2, 1946, and directed the defendant to appear on the morning of January 10, 1946, for formal judgment and sentence on the purported plea of guilty, at which time defendant was again sentenced to 30 days in jail and to pay a fine of $75. From the latter judgment, this appeal was perfected.

It is contended by the defendant that the court abused its discretion and erred in its refusal to permit the defendant to withdraw his plea of guilty when he first entered his oral objections, and likewise committed error in overruling his formal written motion to withdraw his plea, which was prepared and filed by him, with the aid of counsel.

The provision of Title 22 O. S. 1941 § 517 is the only pertinent section of the statute dealing with the questions herein involved:

"The court may, at any time before judgment, upon a plea of guilty, permit it be withdrawn, and a plea of not guilty substituted."

This section does not appear altogether applicable, but by construction, this court has extended its meaning to the end that a defendant may be tried by a jury of his peers and that the granting of a motion to withdraw a plea of guilty in a misdemeanor case, either before or after judgment, is within the sound discretion of the trial court. On appeal the action of the trial court in such a case will not be set aside unless there appears an abuse of discretion. House v. State, 75 Okla. Cr. 291, 131 P. 2d 124; Turner v. State, 33 Okla. Cr. 97, 242 P. 1053; McAtee v. State, 39 Okla. Cr. 10, 262 P. 703; Rudolph v. State, 32 Okla. Cr. 265, 240 P. 761; Cook v. State, 45 Okla. Cr. 69, 281 P. 819;

Factor v. State, 49 Okla. Cr. 308, 294 P. 206; Hart v. State, 29 Okla. Cr. 414, 233 P. 1095; Jenkins v. State, 6 Okla. Cr. 516, 120 P. 298; Bennett v. State, 75 Okla. Cr. 42, 128 P. 2d 253; Shiever v. State, 55 Okla. Cr. 342, 30 P. 2d 192; Fromcke v. State, 37 Okla. Cr. 421, 258 P. 927. In the light of the statute and as applied in the cases, the sole question in this case is, did the court abuse its discretion in not granting the motion for leave to withdraw the plea of guilty?

Each case of this character must be decided upon its own facts and circumstances. Where a plea of guilty is entered without the aid of counsel, as disclosed by this record, the court will closely scrutinize the same to the end that the defendant may not be deprived of any of his substantial rights. The facts as to what took place in the courtroom are conflicting and contradictory, but, notwithstanding the state of the record, there are some things as clear as crystal. The defendant was charged by information on January 1, 1946, arrested, arraigned, convicted and sentenced on January 2, 1946. All this transpired without the aid of counsel.

The court tried to advise the defendant of his right to counsel, 24 hours to plead, trial by jury, and to plead guilty or not guilty. Notwithstanding the court's efforts, it is apparent that things were moving so fast the defendant was in a state of frustration and confusion. While there is substantial evidence that defendant entered a plea of guilty, it must be weighed in the light of the whole record, the pleadings, minutes, and the evidence at the hearing on the motion. House v. State, supra; In re Bradley, 72 Okla. Cr. 107, 113 P. 2d 611; Ex parte Wooldridge, 72 Okla. Cr. 292, 115 P. 2d 284; In re Nye, 75 Okla. Cr. 155, 129 P. 2d 614.

The foregoing quotations from the evidence disclose that the defendant understood the court to ask him if he was guilty and his reply was, "I guess". There must be some basis in fact for this contention, or the county attorney would not have formed his question at the hearing on the motion to vacate as he did: "Q. He did make the statement to that effect, if you recall, and at the conclusion of which did you not state that you were guilty, you guessed?" To which the defendant's answer was, "I said, 'I guess' ". In any event, this court does not look with favor upon pleas entered by guess or under misapprehension. Where the defendant says he is "guilty", "I guess", such plea should be treated as a plea of "not guilty" and defendant should be held for trial. Even though the court advised the defendant of his rights, it is apparent that the defendant had not had ample time for deliberation, and was laboring under a misapprehension of those rights, and did not fully appreciate the consequences of his act. Furthermore, he was apparently influenced by a faulty recollection of what had happened in an old felony case that arose in 1936. This conclusion is buttressed by the fact that the defendant had made arrangements for a bondsman, a Mrs. Greer, who appeared at the court-house shortly after 9:30 a. m. for the purpose and with the intent of making the defendant's bond, and securing his release from jail. We are, therefore, forced to conclude that whatever plea the defendant entered, he intended it to be such as would entitle him to his freedom pending his trial on the merits. This fact is unescapable. If it were not so, why would the defendant have gone to the trouble to procure bond?

Moreover, within five minutes after the defendant had been sentenced, he informed the county attorney and the court that he did not intend to enter a plea of guilty. One could hardly act more promptly, when he fully com-

prehended what had happened. We cannot overlook this fact, and the fact the state would have sustained no injury in a reasonable delay incident to determining the issue on its merits. A case paralleling the procedure in the case at bar is that of Neville v. State, 72 Okla. Cr. 240, 114 P. 2d 961, 962, wherein Judge Barefoot, speaking for the court, said:

"* * * It is made to appear that the plea of guilty in the instant case was entered hastily without proper safeguards, without deliberation, and ignorantly by defendant, and that the court erred in not permitting the same to be withdrawn upon the application made, even after judgment and sentence." Heath v. State, 23 Okla. Cr. 382, 214 P. 1091, which is cited with approval in the case of Neville v. State, supra, is a case in point.

In view of the foregoing facts, and cases interpreting the statute, and in keeping with the principles therein announced, we are of the opinion that the court abused its discretion in not granting the defendant's motion to withdraw his plea of guilty and in keeping with the rule announced by Judge Jones, in Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419, 428, as follows: "It is an established principle of law that an accused in a criminal case who procures a verdict and judgment against him to be set aside or arrested by the court may be tried anew upon the same or another indictment for the same offense of which he was convicted", this cause is therefore reversed and remanded for a new trial upon its merits.

BAREFOOT, P. J., and JONES, J., concur.