## POWELL v. STATE.

No. A-11283.   March 14, 1951.

(229 P. 2d 230.)

Sam L. Wilhite and R. L. Lunsford, III, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in Error, Albert Milton Powell, defendant below, was charged in the county court of Caddo, county, Oklahoma, with the offense of driving an automobile while under the influence of intoxicating liquor on public highway No. 62 in Caddo county on July 5, 1949. The defendant appeared for arraignment and he was advised as revealed by the court's minutes as follows, to wit:

"File information charging driving while under influence of intoxicating liquors. Defendant given choice of pleading now, or waiting 24 hours to plead, or consulting attorney before pleading. Defendant plead guilty. Upon consideration of report of Highway Patrol of two former convictions for the same charge from Grady county, one of which defendant admitted, defendant fined $2 0.00 and costs and given 90 days in County Jail."

Thereafter formal judgment and sentence was entered in accordance with the minutes. The record discloses thereafter and on July 6, 1949, the defendant filed his application to withdraw his plea of guilty in substance reading as follows, to wit:

"That he was brought into court without having had the benefit of counsel, and his plea of guilty was entered without an opportunity afforded him to consult with counsel.

"That the judgment and sentence of the court was and is cruel, unusual and excessive, for that there was no other person involved in the offense to which he entered his plea of guilty; that there was no person injured by reason of his alleged driving while intoxicated.

"That the plea of guilty entered herein was unadvisably given by this defendant, and he should, in fairness, be permitted to withdraw said plea of guilty and substitute a plea of not guilty.

"That by reason of his being without benefit of counsel, and by reason of the cruel, unusual and excessive punishment, he has been deprived of his substantial rights and should, therefore, be permitted to withdraw said plea of guilty and enter a plea of not guilty, in order that he might have a jury trial and upon the merits of the case."

It appears further that no evidence was offered on behalf of the defendant's application to withdraw his plea of guilty. In lieu thereof a stipulation was made between the county attorney and counsel for the defendant. It reads as follows, to wit:

"That when the said Albert Milton Powell was arraigned before the Honorable Dewey E. Hodges, County Judge of Caddo County, Oklahoma, in this matter, he had not had the advice of counsel, nor was he represented by counsel; that the said defendant was advised by the County Judge that he had a right to enter his plea at that time, or that he could take twenty-four hours within which to enter his plea, during which period he could consult with an attorney, if he so desired. That said defendant elected to enter his plea of guilty at that time and did so. It is further stipulated and agreed that there was no testimony offered or introduced upon said arraignment and prior to said plea and the judgment and sentence that followed."

The application for leave to withdraw the plea of guilty and substitute a plea of not guilty and stand trial on the charge as laid in the information was denied by the trial court on July 6, 1949, to the overruling of which the defendant excepted and gave notice of his intention to perfect this appeal. The denial of the foregoing application is assigned as error, and it is urged that the failure to sustain the same constituted an abuse of judicial discretion. Such applications as is herein presented are addressed to the sound discretion of the trial court. In Shaw v. State, 84 Okla. Cr. 63, 179 P. 2d 169, 170, the same contention was made therein to the one herein asserted. Therein we said:

"The provision of Title 22 O.S. 1941 § 517 is the only pertinent section of the statute dealing with the question herein involved: 'The court may, at any time before judgment, upon a plea of guilty, permit it be withdrawn, and a plea of not guilty substituted.'

"This section does not appear altogether applicable, but by construction, this court has extended its meaning to the end that a defendant may be tried by a jury of his peers and that the granting of a motion to withdraw a plea of guilty in a misdemeanor case, either before or after judgment, is within the sound discretion of the trial court. On appeal the action of the trial court in such a case will not be set aside unless there appears an abuse of discretion. House v. State, 75 Okla. Cr. 351, 171 P. 2d 124; Turner v. State, 33 Okla. Cr. 97, 242 P. 1053; McAfee .. State, 50 Okla. Cr. 19, 462 P. 705; Rudolph v. State, 32 Okla. Cr. 265, 240 P. 101; Cook v. State, 45 Okla. Cr. 19, 281 P. 819; Factor v. State, 49 Okla. Cr. 393, 294 P. 100; Hart v. State, 29 Okla. Cr. 414, 233 P. 1095; Jenkins v. State, 6 Okla. Cr. 516, 120 P. 293; Bennett v. State, 75 Okla. Cr. 42, 128 P. 2d 253; Shiever v. State, 43 Okla. Cr. 242, 20 P. 2d 102; Formcke v. State, 37 Okla. Cr. 421, 258 P. 927. In the light of the statute and as applied in the cases, the sole question in this case is, did the court abuse its discretion in not granting the motion for leave to withdraw the plea of guilty?

"Each case of this character must be decided upon its own facts and circumstances."

Moreover in Wilson v. State, 82 Okla. Cr. 272, 168 P. 2d 898, it was said:

"The burden being upon the defendant to show that his plea of guilty was entered through inadvertence or through ignorance, influence, or without deliberation, we hold that the defendant has failed to sustain this burden."

Therefore the burden was upon the defendant to sustain the application. We do not believe the trial court's minutes and the stipulation of the county attorney and counsel for the defendant are sufficient to establish an abuse of discretion on the part of the trial court in refusing to grant the application to withdraw the plea of guilty, and to permit the defendant to enter a plea of not guilty and stand trial. In fact, the trial court's minutes disclose the defendant was not ignorant and inexperienced in such matters, and thus his plea was not unadvisedly entered. It appears from the record herein that the defendant had two prior convictions under the same statute. Such experience equipped the defendant to know the possibilities of his plea of guilty. The record affirmatively shows that the trial court afforded him the statutory time of 24 hours to plead and for consulting an attorney before pleading. We are inclined to believe the defendant was gambling and trifling with the trial court, as was said in Hart v. State, 29 Okla. Cr. 414, 233 P. 1095, 1096, and quoted with approval in Wilson v. State, supra, as follows:

"A defendant should not be allowed to trifle with the court by deliberately entering a plea of guilty one day, and capriciously withdrawing it on the day set for pronouncing judgment".

Moreover, as was said in Ward v. State, 90 Okla. Cr. 120, 210 P. 2d 790:

"In order to sustain the contention of an accused that a trial court has abused its discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty substituted therefor, it must be apparent from the record that the plea has been made unadvisedly, through ignorance, inadvertence, influence, or without deliberation, and that there is a defense that should be presented to the jury."

See, also, Sanders v. State, 72 Okla. Cr. 85, 113 P. 2d 198. In this connection none of the reasons alleged herein are established by competent evidence, or by stipulation of counsel. Certainly no claim is made that there is a defense

that should be presented to a jury. At best it appears that defendant is dissatisfied with the weight of the court's judgment and sentence, and he would now try his luck with a jury. Under the conditions herewith presented we cannot find the trial court abused its discretion in refusing to permit the defendant to withdraw his plea of guilty and enter a plea of not guilty.

Nor is the punishment cruel and unusual. Under the provisions of Title 47, § 93, O.S.A. 1941, the penalty for drunken driving is not to exceed one year or by fine of not more than $500 for the first offense, and for a second offense the penalty may be by imprisonment in the State Penitentiary for a term not to exceed two years or by fine of not more than $1,000 or by both such fine and imprisonment. In Ex parte Meyers, 55 Okla. Cr. 75, 24 P. 2d 1011, 1012, this court said:

"Driving an automobile while intoxicated is a grave offense, the driver being a potential murderer of any peaceful citizen going about his business on the public highway. The punishment fixed by chapter 16, section 3, Session Laws 1923 [47 O. S. 1941 § 93], is not excessive, but is very moderate considering the gravity of the offense."

Moreover, the "fixing of penalties * * * is legislative function, and sentence within limits of applicable statute will not ordinarily be disturbed on appeal as unusual, excessive or cruel." Rose v. U. S., 10 Cir., 128 F.2d 622, 623. Under the provisions of the statutes fixing penalties and these authorities, the sentence herein imposed cannot be held to be cruel, unusual and excessive.

Next, the defendant contends that the trial court erred in considering the defendant's prior convictions in Grady county as disclosed by the Highway Patrol. He contends that since he was charged only as a first offender the trial court had no right to consider any other prior convictions had under the same statute. Especially he says that is true because the trial court cannot take judicial notice of the records of other county courts outside of his jurisdiction. This contention is not supported by either the statutes governing the same or the adjudicated cases. Title 22, § 973, reads as follows:

"After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct."

Moreover, in Herren v. State, 74 Okla. Cr. 432, 127 P. 2d 384, wherein the trial court had before it a certificate from the Bureau of Investigation showing the defendant therein to have a long criminal record, in syllabus 3 and 4 this court said quoting the foregoing statute:

"Under such statute the extent of the inquiry, when the accused comes on for the pronouncement of sentence, is a matter addressed to the sound discretion of the trial court."

See, also, to the same effect Nowlin v. State, 75 Okla. Cr. 102, 128 P. 2d 1023. The foregoing statutes and cases are in line with the law in other states. In 24 C.J.S., Criminal Law, § 1980, page 1195, in relation to matters to be considered by the trial court in fixing sentence the rule is announced as follows:

"Justice generally requires consideration of more than the particular acts by which the crime was committed, and that there be taken into account the circumstances of the offense together with the character and propensities of the offender.

"Where the court has a discretion as to the character or the amount of punishment, * * * it may be guided in the exercise of such discretion by accused's past record, by the motives actuating the crime, or by the fact that accused previously has been convicted of similar or other offenses; * *."

In Cason v. State, 160 Tenn. 267, 23 S.W. 2d 665, 667, it was said:

"In deciding what punishment should be imposed in a case of drunkenness, the court should take into consideration whether it is a first offense and the circumstances attending the crime."

It is therefore apparent that the trial court was within the bounds of his prescribed judicial discretion in considering the Grady county convictions before pronouncing the judgment and sentence herein. Notwithstanding, the defendant requests that the judgment and sentence be modified by this court. In this connection it is well settled that before this court can modify a judgment and reduce the punishment, it must clearly appear that the court abused its judicial discretion in assessing the punishment. Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646; Harry v. State, 59 Okla. Cr. 302, 58 P. 2d 340; Kennedy v. State, 66 Okla. Cr. 318, 92 P. 2d 384:

"It is well settled that before this court can modify the judgment and reduce the punishment it must clearly appear that the court abused its judicial discretion in assessing the punishment."

We are not confronted with such a situation herein. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.