Christopher GIST, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12071.

Criminal Court of Appeals of Oklahoma.

Dec. 15, 1954.

Laynie W. Harrod, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

This is an appeal by Christopher Gist from an order of the District Court of Oklahoma County overruling his application to withdraw a plea of guilty and vacate a judgment which had been rendered sentencing the accused to 7 years in the penitentiary for the crime of robbery with firearms.

The record discloses that an information was filed in the District Court of Oklahoma County on July 10, 1953, charging the defendant, Christopher Gist, and three others with the crime of robbery with firearms; that on the same day, defendant was arraigned and entered his plea of not guilty and was released on $5,000 bond. Thereafter and on November 23, 1953, the defendant Gist appeared in person and by his counsel, Wilbert Smith, withdrew his former plea of not guilty and entered a plea of guilty. At that time the county attorney related the alleged facts concerning the accused to the court and recommended a sentence of 7 years imprisonment in the penitentiary. The trial court followed the recommendation of the county attorney and sentenced Gist to serve 7 years in the penitentiary. Thereafter on December 1, 1953, the defendant Gist through his counsel, Wilbert Smith, filed a motion to vacate judgment and sentence and for a new trial. In said motion it was alleged that defendant had entered his plea upon the belief that he would obtain a suspended sentence or at most, the minimum sentence provided by law and that the court erred in taking into consideration information regarding other alleged crimes in which there was no proof that defendant was connected therewith but that such other alleged crimes were committed by the codefendants and defendant was not a party thereto.

Thereafter on December 3 a lengthy hearing was had before the district judge who had pronounced sentence upon accused, and another district judge sitting with him to hear the application to vacate the judgment and sentence and said application and

motion were overruled. Defendant through his counsel, Wilbert Smith, saved an exception and gave notice in open court of his intention to appeal to the Criminal Court of Appeals and for the purpose of appeal defendant's bond was fixed at the sum of $7,000. No transcript of the evidence presented at the hearing on this application and motion was ever prepared and the same is not before us for consideration.

Thereafter on December 15, 1953, there was filed an application to withdraw plea of guilty on behalf of accused by his present counsel in which application the defendant adopted all of the allegations contained in his former motion to vacate the judgment and sentence filed on December 1, 1953, and further alleged that the accused was a young man 18 years of age who had lived in Oklahoma City for the past 5 years and had not finished high school; that he bore a good reputation in the community where he resided and had never been convicted of any offense against the laws of this country and had never had any experience or knowledge of the courts and was not able to comprehend the meaning and significance of what he was doing at the time he entered his plea of guilty.

A hearing was had upon the second application before Judges Mills and Morris on December 21, 1953. At that time Mr. Wilbert Smith was allowed to withdraw as attorney for the defendant and Mr. Harrod, present counsel for the accused, presented the argument before the two judges on behalf of the accused. We do have a transcript of proceedings had at this hearing. At this hearing Judge Mills stated that at the former hearing on December 3, 1953, they had considered the matter carefully and further stated that the accused had been involved in five robberies. At that point counsel interrupted the court and stated, "That is what we seriously deny." Judge Mills stated, "The man has plead guilty. He had a lawyer, the matter was heard fully, and he was sentenced. That has been heard again. Now, this is the third time." Counsel for the accused then asked permission to introduce evidence as to the boy's prior life and the circumstances surrounding the entry of the plea of guilty

which the court denied. The record then discloses the following:

"Mr. Harrod: I want to offer some proof on it. May I make this inquiry: do you mean to say the Court has lost jurisdiction to let him withdraw a plea of not guilty?

"Judge Mills: We lost jurisdiction when that boy was sentenced, except for certain statutory grounds, and this is not one of them."

It is contended that the trial court erred in concluding that the court had lost jurisdiction to permit the plea of guilty to be withdrawn after sentence had been pronounced.

■ Evidently Judge Mills was relying upon the strict wording of the statute which provides:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." 22 O.S.1951 § 517.

This court on many occasions has stated that the above statute would not be construed so as to prevent a court in the exercise of its inherent power to reconsider its judgment and sentence and vacate it at any time during the term in which it was rendered, and that the granting or denying permission to withdraw a plea of guilty either before or after judgment and to substitute a plea of not guilty is within trial court's sound discretion. Shaw v. State, 84 Okl.Cr. 63, 179 P.2d 169; Powell v. State, 94 Okl.Cr. 1, 229 P.2d 230; House v. State, 75 Okl.Cr. 291, 131 P.2d 124; Rudolph v. State, 32 Okl.Cr. 265, 240 P. 761; Polk v. State, 26 Okl.Cr. 283, 224 P. 194; Rupert v. State, 9 Okl.Cr. 226, 131 P. 713, 45 L.R.A.,N.S., 60.

■ In so far as the trial court's statement that the court had lost jurisdiction to vacate the plea of guilty after sentence was pronounced is concerned, the court was in error and if this was the sole ground for denying the application to withdraw the plea of guilty, we would have no hesitation in reversing this case for further proceedings. However, it is evident from the record that there had been two extended

hearings before the court, one at the time sentence was pronounced and another at the time the first application to vacate the judgment was presented; and although the evidence introduced at those hearings is not before us, we are convinced that the trial court heard everything both favorable and unfavorable concerning the accused and in the exercise of his discretion refused to give the minimum sentence of 5 years imprisonment in the penitentiary and refused to suspend the execution of the sentence which was pronounced, but instead sentenced the accused to serve a term of 7 years in the penitentiary.

■ It has been the announced policy of this court to favor the trial of cases on their merits and where a reasonable ground is offered for taking a case to a jury, the judicial discretion vested in the trial court should always be exercised in favor of innocence and liberty. Polk v. State, supra.

■ In Powell v. State, supra [94 Okl. Cr. 1, 229 P.2d 231], it was held:

"Where the defendant seeks to withdraw his plea of guilty and substitute therefor a plea of not guilty, the burden is upon the defendant to show that his plea of guilty was entered through inadvertence or through ignorance, influence, or without deliberation, and that there is a defense that should be presented to the jury.

\* \* \* \* \* \*

"Under Title 22, § 973, O.S.A.1941, after a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the matter summarily at a specified time and upon such notice to the adverse party as it may direct. Under such statute the extent of the inquiry, when the accused comes on for the pronouncement of sentence, is a matter addressed to the sound discretion of the trial court.

"Where the court has a discretion as to the character or the amount of punishment, it may be guided in the exercise of such discretion by accused's past record, by the motives actuating the crime, or by the fact that accused previously has been convicted of similar or other offenses."

■ Under the record as presented to us, we cannot state that there was an abuse of judicial discretion in denying the application to withdraw the plea of guilty which was filed 23 days after sentence was pronounced. Counsel for the accused stated at the time of oral argument that the accused was attending church and school regularly and was living a law-abiding life. These matters stated outside of the record may not be considered by this court. However, if such is the truth, they might appeal to the members of the Pardon and Parole Board in an application presented to them for clemency.

From the abbreviated record before us, we cannot conclude that the trial court abused its discretion in denying the application to withdraw the plea of guilty and to vacate the judgment and sentence. The action of the District Court of Oklahoma County in overruling the application to withdraw the plea of guilty is accordingly affirmed.

POWELL, P. J., and BRETT, J., concur