Franklin Delano CANNON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12291.

Criminal Court of Appeals of Oklahoma.

April 11, 1956.

Elliott Howe, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Franklin Delano Cannon, defendant below, was charged by information in the Common Pleas Court of Tulsa County with the offense of operating a motor vehicle while under the influence of intoxicating liquor in violation of 47 O.S.1951 § 93, the offense allegedly being committed on August 13, 1955, in said county and state.

He appeared on August 15, 1955, without the aid of counsel, entered a plea of guilty and was sentenced by the trial court to ten days in jail and a fine of $100. Thereafter on said same day of August 15, 1955, he obtained counsel, filed his motion to vacate the judgment, and prayed for leave to withdraw the plea of guilty and to enter a plea of not guilty and stand trial. This motion was overruled, which action of the trial court forms the basis for this appeal.

It appears this defendant, a resident of Wichita, Kansas, 22 years of age, without experience in court, and with no prior record, was arrested on the evening of August 13, 1955, by a highway patrolman as the defendant drove south on Highway 64 towards Bixby, Oklahoma. The patrolman issued a ticket to him for reckless driving and informed him that would be the charge against him. Before being brought to court, he was advised to plead guilty, pay his fine, and go on his way. It further appears that on appearance before the trial judge he did not read it but the charge which was read to him was not reckless driving, but instead, driving while under the influence of intoxicating liquor. The defendant, after his plea of guilty had been entered, was advised of the mandatory minimum jail sentence of ten days and fine. Then it was, he informed the trial court that he thought the charge was to be reckless driving. Notwithstanding, the record shows the trial judge informed the defendant of the consequences of a plea of guilty, it clearly appears the defendant was confused. The entire proceedings began with confusion. The officer's arrest ticket charged reckless driving and the defendant was then advised such would be the charge. Later he was urged to plead guilty thereto. This part of the record is undisputed.

Moreover, as soon as he realized the gravity of the penalties imposed, he obtained counsel, and moved the trial court

vacate the judgment and sentence, so he could change his plea. There was no unnecessary delay incident thereto, and the State could have sustained no injury had the trial court granted defendant's motion. While there was a sharp conflict in the testimony as to what occurred, as we said in Shaw v. State, 84 Okl.Cr. 63, 179 P.2d 169, 171:

"Notwithstanding the court's efforts, it is apparent that things were moving so fast the defendant was in a state of frustration and confusion. While there is substantial evidence that defendant entered a plea of guilty, it must be weighed in the light of the whole record, the pleadings, minutes, and the evidence at the hearing on the motion. House v. State, supra [75 Okl.Cr. 291, 131 P.2d 124]; In re Bradley, 72 Okl. Cr. 107, 113 P.2d 611; Ex parte Wooldridge, 72 Okl.Cr. 292, 115 P.2d 284; In re Nye, 75 Okl.Cr. 155, 129 P.2d 614."

Therein we also said:

"* * * this court does not look with favor upon pleas entered * * * under misapprehension. * * * Even though the court advised the defendant of his rights, it is apparent that the defendant had not had ample time for deliberation, and was laboring under a misapprehension of those rights, and did not fully appreciate the consequences of his act."

There are many features in the Shaw case that bear marked analogy to the case at bar. Moreover, this court has repeatedly said:

"The law favors the trial of criminal cases on the merits, but this does not mean that the trial court should allow a defendant to withdraw a plea of guilty where there is no showing that the plea was entered through inadvertence, ignorance, or without deliberation but it is apparent that the applica-

tion to withdraw the plea of guilty is for the purpose of delay and to defeat the ends of justice." Wilson v. State, 82 Okl.Cr. 272, 168 P.2d 898, 899.

We are of the opinion this plea was the result of false impressions, misapprehension, and frustration. It should not be overlooked that to add to this young man's frustration was the fact he was in a foreign state and had spent two full days in jail under the belief he was to be charged with reckless driving. The test in such case is whether there is reasonable ground to believe that the plea of guilty may have been entered as the result of inadvertence, ignorance, misunderstanding, misapprehension, or without deliberation as the result of unseemly haste; and where in light of the whole record, the pleadings, minutes, and the evidence at the hearing on the motion, it appears the plea may have been so entered; and it is apparent the application to withdraw the plea of guilty is in good faith and not for the purpose of delay and to defeat the ends of justice, to deny the application under such conditions will constitute an abuse of discretion.

We feel the ends of justice will be best served by vacation of the judgment and sentence, withdrawal of the plea of guilty, permitting the defendant to enter a plea of not guilty and stand trial on the charge herein alleged and it is so ordered. Reversed with directions.

JONES, P. J., and POWELL, J., concur.

POWELL, Judge (concurring).

I agree in the conclusion reached by reason of the matters stated in the opinion. However, there was ample evidence that the defendant was operating his automobile while under the influence of intoxicating liquor, and a conviction on any future trial with evidence as developed in the within case would compel an affirmance.