John Oliver WHELIHAN, Jr., Plaintiff in Error,

v.

the City of OKLAHOMA CITY, Defendant in Error.

No. A–15653.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1971.

Milton Keen and Max Moulton, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, Ron Collier, Asst. Municipal Counselor, for defendant in error.

## DECISION AND OPINION

BRETT, Judge:

This is an appeal from the judgment and sentence of the Oklahoma City Municipal Court of Record. The plaintiff in Error entered a plea of guilty to the charge of reckless driving and was sentenced to a fine in the amount of One Hundred Dollars ($100.00) and twenty days in jail to be served on weekends.

Subsequent to the entry of this judgment and sentence, the plaintiff in error filed a "Motion to Vacate Judgment on Plea of Guilty and to Withdraw Plea of Guilty" and a "Motion for New Trial." Testimony was heard on the motions. The motions were overruled and plaintiff in error, hereafter referred to as defendant, brought this appeal.

From the record it appears that the Municipal Counselor dismissed a charge for attempting to elude an officer and recommended the imposition of a fine of $75.00, on defendant's plea of guilty to the charge of "Reckless Driving." That recomendation resulted from plea bargaining. The court refused to accept the recommendation and assessed the larger fine and jail sentence. It also appears that the arresting officer gave the defendant three citations when the incident occurred. One was for excessive speed, the second for negligent driving, and the third was for an attempt to elude an officer.

Omitting the preface to information filed in this case, it alleged that on the 8th day of August, 1969, the defendant, did then and there unlawfully and wrongfully,

"Operate a motor vehicle over and upon N.W. 23rd & Portland to N.W. 20th & Portland in Oklahoma City, Oklahoma, in a careless and reckless manner without regard for the safety of persons and property by taking off from the intersection at N.W. 23rd & Portland turning onto Portland at a high rate of speed, .

causing the car to swerve during the turn and by driving at a high rate of speed in excess of 60 MPH in a posted 40 MPH zone."

The only testimony concerning what transpired was that of the defendant. He related that he was arrested within about two blocks of his home, while stopped at a stop sign; that he looked into his rearview mirror and saw the officer's red light about three blocks behind him, so he waited until the police car arrived. He also asserted that he was driving not more than fifty (50) miles an hour, but admitted that the speed limit was forty miles in that vicinity. The officer's citation is not included in the record, so there is no indication what time of the day or night the incident happened. However, from the information it appears clear that he pulled away from the stop light at the intersection of Twenty-third and Portland, probably executed a left turn and proceeded three blocks South on Portland, when he was stopped.

The single proposition offered in defendant's brief asserts that the trial court erred in assessing excessive punishment; and in refusing to permit the defendant to withdraw his plea of guilty, and to stand trial on the merits of the case.

After reviewing the record before the Court, we conclude that defendant was properly advised of all his constitutional rights by the court, prior to the acceptance of his plea of guilty; that he was represented by counsel when his plea was entered; and that there was no undue inducement offered by the prosecution to cause the defendant to enter the plea of guilty. The plea was entered after certain proper "Plea Bargaining" transpired, and the prosecutor acted exactly as he agreed, when he dismissed one charge and recommended the fine of $75.00, without the imposition of jail time against the defendant. With reference to the withdrawal of his plea of guilty, the granting of a motion to withdraw a plea of guilty in a misdemeanor case, either before or after judgment, is within the sound discretion of the trial court; and the trial court's action will not be set aside on appeal unless there appears an abuse of discretion. Shaw v. State, 84 Okl.Cr. 63, 179 P.2d 169 (1947); Sandersfield v. State, Okl.Cr., 445 P.2d 422 (1968).

In the instant case we fail to find the abuse of discretion referred to in the foregoing cases to justify the setting aside of this judgment and sentence. However, a close review of the record reflects that the trial judge took into consideration all of defendant's prior traffic violations when he assessed punishment, without allowing any consideration for defendant's current driving record.

Defendant received his driving license in 1961, when he was sixteen years old. Subsequent to that time, according to the facts read into the record by the trial judge, defendant experienced numerous traffic citations; and when he was eighteen years of age his driver's license was suspended; and until sometime in 1968, defendant continued to experience traffic violations for speeding, improper turns, improper tag display, etc. The record does not reflect when the last 1968 traffic citation occurred. Albeit, no traffic citations were read into the record over the period of the first eight months of 1969, until the time the instant citation was issued defendant. The record reflects also that at the time this incident occurred defendant had reached his twenty-fourth birthday; he is married with two children; and operating his own business in which several other persons are employed. Consequently, we are left to conclude the trial court did assess excessive punishment, premised upon the defendant's earlier youthful driving record; and the court failed to allow any consideration for the present circumstances which showed no violations. This is indicative to this Court of a change of driving habits and maturity of defendant. We observe also that the prosecutor recommended only the fine based upon the merits of the case, which it is presumed resulted from consideration of all of the surrounding facts, including the fact that the

information alleges nothing more than speeding, which defendant admitted.

We are therefore of the opinion, after careful review of this record, that the interests of justice will be better served by modifying the sentence imposed in case number 7700, in the Municipal Criminal Court of Records for Oklahoma City, Oklahoma, on October 6, 1969, from a fine of One Hundred Dollars ($100.00), and costs, and twenty (20) days confinement in the City Jail, to a fine of Seventy-Five Dollars, ($75.00), and court costs, and as modified the judgment and sentence should be affirmed.

It is so ordered.

BUSSEY, P. J., concurs in result.