**Arthur GARCIA, Jr., Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–183.**

Court of Criminal Appeals of Oklahoma.

Feb. 6, 1976.

Rehearing Denied Feb. 26, 1976.

Ed McConnel, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Robert L. McDonald, Asst. Attys. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Arthur Garcia, Jr., hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of Oklahoma County, Case No. CRF–74–768, of the crime of Robbery by Force. The jury assessed punishment at a term of five (5) years in the State Penitentiary but recommended that the sentence be suspended. The trial court refused to suspend the sentence and a judgment and sentence was entered sentencing the defendant to a term of five (5) years under the custody and control of Department of Corrections of the State of Oklahoma. From said judgment and sentence the defendant has perfected his timely appeal.

Briefly stated the evidence presented at the trial is as follows: Jo Ellyn Williams testified that on the evening of February 15, 1974, she arrived at Buchanan's Market in Oklahoma City. While she was walking up to the store entrance, she noticed a boy rushing toward her. He grabbed her purse, knocking her down and dragging her a short distance. When she finally let go of the purse, he ran to a car and left her lying on the ground. She testified that the robbery occurred sometime between 9:15 and 9:30 p. m. She identified the defendant in open court as being the person who committed the robbery and further testified that she was nine months pregnant at the time of the robbery.

On cross-examination the witness stated that she was dragged approximately five to ten feet before she released the strap of the purse. The defendant then ran away and was "running fast." The witness fur-

ther testified that she had an occasion to identify the defendant during a police line-up.

The State then called Michael W. Davoult who testified that between 9:15 and 9:30 p. m. he was returning to work in his car when he saw the defendant running away from the store area. A bystander told the witness to "go after" the defendant and the witness gave chase, watched the defendant get into a car and got a description of the vehicle and tag number.

Jimmy Raider then testified that on the evening in question he was working at the market and noticed the defendant standing outside the front door at approximately 9:15 p. m. but did not witness any purse-snatching. Bill Gregory, Jr., testified that he was also employed at the market on the date in question and recalled the defendant being there between 9:00 and 9:15 p. m. Oklahoma City Police Officer Claude Shobert testified that he investigated the robbery and after assembling information and receiving a tip from an informant he arrested the defendant. The State then rested.

The defendant called Gordon Grider who testified that he was the defendant's boss at Grider's Discount Foods on the date in question and that the defendant's time card showed that he checked out at approximately 9:08 p. m. On cross-examination he stated that he was not in the store on the 15th and that he did not know whether the defendant himself punched the time card. Douglas Hill, a private investigator then testified that it took from 17 to 19 minutes to travel from Grider's to Buchanan's under the conditions of the evening in question.

Frances Johnson, the defendant's mother then testified that her son had rheumatoid arthritis since he was eight and that he was not able to run. She further testified that on the evening in question the defendant came home from work between 9:20 and 9:30 p. m.

The defendant then testified in his own behalf stating that he was 19 years of age, weighed approximately 105 lbs., was approximately five foot six inches tall, suffered from rheumatoid arthritis and was unable to run. He further stated that he did not think he would be physically able to drag Mrs. Williams ten feet. On cross-examination the defendant admitted being physically able to sack groceries at Grider's. He further stated that he had had a paper route as a boy and rode a bike to make deliveries.

The defendant's first assignment of error urges that the trial court committed reversible error in refusing to grant defendant a new trial upon the ground of newly discovered evidence. The defendant's brief indicates that during the hearing on the motion one Berney Dresel testified that he was working at Grider's as a checker and recalled that the defendant had worked until the close of business at 9:00 p. m. on the evening in question. He further testified that he did not divulge his information sooner because he was in the Army.

 Whether or not a motion for new trial on the ground of newly discovered evidence will be granted is clearly within the discretion of the trial judge and this court will not reverse the trial court's decision unless there is an abuse of that discretion. *Walters v. State,* Okl.Cr., 403 P.2d 267. Such a motion is not sufficient where the newly discovered evidence only tends to impeach witnesses for the State, especially where it would not change the result of the trial. *Ward v. State,* Okl.Cr., 444 P.2d 255. Also, in the instant case the defendant made no showing of a diligent effort to obtain the testimony of Berney Dresel. A new trial upon the grounds of newly discovered evidence is not to be granted except where there is a reasonable probability that, if such evidence had been introduced, different results would have been reached. *England v. State,* Okl.Cr., 276 P.2d 270. For all the reasons set out above it is our opinion that the trial court did not abuse its discretion and defendant's first assignment is without merit.

██ The defendant's last assignment of error contends that the trial court erred in refusing to permit the defendant's personal physician to testify in support of his application for suspended sentence. The defendant urges that the testimony of the doctor should have been heard to substantiate the defendant's claim of physical incapacity.

Title 22 O.S.1971, § 973 provides as follows:

"After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct."

In *Powell v. State*, 94 Okl.Cr. 1, 229 P.2d 230, this Court held that under the above statute the extent of the inquiry is a matter addressed to the sound discretion of the trial court. In the instant case it is our opinion that the trial court did not abuse its discretion. The defendant and his mother both testified as to his physical incapacity. The testimony of the doctor would only have corroborated this testimony. The failure of the trial court to permit the physician's testimony prejudiced no substantial right of the defendant and the defendant's last assignment is without merit.

From an examination of the record in its entirety we are of the opinion that the defendant received a fair and impartial trial before a jury and that the judgment and sentence appealed from should be and the same is hereby *affirmed*.

BRETT, P. J., specially concurs.

BRETT, Presiding Judge (specially concurring).

In face of the record before this Court, I must concur with this decision. However, defense counsel is admonished to consider the provisions of 22 O.S.1971, § 994, for further consideration of suspended sentence. It is my opinion, if defendant's condition is as serious as it was made to appear, the trial court may give further consideration to such condition, considering also the record defendant has maintained since this conviction resulted on May 14, 1974.